**Edgar LUQUIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–98–535 CR.**

Court of Appeals of Texas,
Beaumont.

Submitted Aug. 24, 1999.

Decided Aug. 31, 1999.

Rehearing Overruled Oct. 21, 1999.

Debbie S. Holmes, State Counsel for Offenders, Huntsville, for appellant.

Mark Mullin, Special Prosecution Unit, Huntsville, for State.

Before WALKER, C.J., BURGESS and STOVER, JJ.

## OPINION

WALKER, Chief Justice.

A jury convicted Edgar Luquis of murder and assessed punishment at confinement for life in the Texas Department of Criminal Justice, Institutional Division. The two issues presented for review concern the parole law instruction included in the jury charge on punishment.

■ Issue one asks, "Did the trial court err in overruling appellant's objection to the portion of the jury charge which described the effect of good time credit on the amount of time to be served, when appellant is not eligible to have good time credit counted toward his parole eligibility date?"

The charge contained the statutorily required parole law instruction. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 4(a) (Vernon Supp.1999). The Texas Constitution expressly authorized the Legislature to enact this law. TEX. CONST. art. IV, § 11(a). The Court of Criminal Appeals upheld the constitutionality of the parole instruction. *Oakley v. State*, 830 S.W.2d 107 (Tex.Crim.App.1992) (state due course of law); *Muhammad v. State*, 830 S.W.2d 953, 956 (Tex.Crim.App.1992) (federal due process).

Luquis relies upon *Jimenez v. State*, 992 S.W.2d 633 (Tex.App.—Houston [1st Dist.] 1999, pet. filed), which held article 37.07, § 4(a) to be unconstitutional as applied to a defendant convicted of aggravated assault. We disagree with *Jimenez*. First, we note that, although *Jimenez* states that "the court of criminal appeals has never specifically ruled on the issue of the constitutionality of the article 37.07 charge relat-

ing to good-conduct time where the defendant is not eligible for good-conduct time," both *Oakley* and *Muhammad* involved convictions for aggravated robbery, which is an offense listed in Section 508.149 of the Government Code. *Id.* at 637; *see* TEX. GOV'T CODE ANN. art. 508.149(a)(11) (Vernon 1998). Second, *Jimenez* holds that the article 37.07 charge is "incorrect for those offenses enumerated in section 508.149 of the Texas Government Code that preclude the accumulation of good-conduct time to qualify a convict for early release under mandatory supervision." *Id.* The Article 37.07 instruction is the "law applicable to the case" because the Legislature passed a statute which required it be given in the punishment phase of a jury trial for the particular offense for which the defendant is being tried. It could not be charge error for the trial court to include the statutorily mandated instruction. Nevertheless, *Jimenez* analyzes the issue as charge error under *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1984) (opinion on rehearing). If the statute is unconstitutional as applied to the appellant, the error would be one of constitutional dimension. *Rose v. State*, 752 S.W.2d 529, 553 (Tex.Crim.App.1987)(opinion on rehearing).

We agree with the rationale and holding of the Austin Court of Appeals in *Martinez v. State*, 969 S.W.2d 497, 500–01 (Tex. App.—Austin 1998, no pet.), which noted the charge does not mention "mandatory supervision," only mentions "good conduct time" generally as a possibility rather than a certainty, and simply informs the jury that good conduct time exists but further admonishes the jury that it may not consider how parole law might be applied to the defendant. The jury is informed that the defendant will not become eligible for parole until the actual time served equals one-half of the sentence imposed or thirty years, whichever is less, without consideration of any good conduct time he may earn.

■■■■■■■■■■■■■■

In this case, as was the case in *Martinez*, nothing in the record suggests the jury discussed, considered or tried to apply what they were told about good time and parole. The instruction is neither incorrect as submitted to the jury, nor is it constitutionally infirm as applied to Luquis. The trial court did not err in overruling the appellant's objection to the jury charge. Issue one is overruled.

■■ Issue two asks, "Did the trial court err in denying appellant's request that the jury charge on punishment include a definition and description of parole?" The trial court submitted the statutory parole instruction. The purpose of this instruction is to admonish the jury that they are *not* to consider parole. The court need not define for the jury a concept which they will not consider in determining punishment. Issue two is overruled. The judgment of the trial court is affirmed.

AFFIRMED.