Ronnie Bruce CAGLE, Appellant,

v.

The STATE of Texas, State.

No. 2–99–205–CR.

Court of Appeals of Texas, Fort Worth.

July 6, 2000.

Suzanne Hudson, Arlington, for Appellant.

Tim Curry, Crim. Dist. Atty., Charles M. Mallin, Asst. Crim. Dist. Atty., and Chief of the Appellate Section; Danielle A. LeGault, Asst. Crim. Dist. Atty., Fort Worth, for Appellee.

PANEL B: DAY, LIVINGSTON, and RICHARDS, JJ.

## OPINION ON REHEARING

TERRIE LIVINGSTON, Justice.

We withdraw our March 2, 2000 opinion and judgment and substitute the following, modifying our analysis regarding the charge at punishment to address appellant's second ground on motion for rehearing. Appellant's first ground on motion for rehearing is denied.

### Introduction

Appellant Ronnie Bruce Cagle appeals his conviction and sentence for aggravated sexual assault of a child under age fourteen and indecency with a child by contact. Appellant raises six issues, complaining of various trial court errors, rights violations, and ineffective assistance of counsel. We

overrule all of his issues and affirm the judgment of the trial court.

## Admission of Evidence

■ During trial, the court admitted defendant's statements made during a pre-arrest interview with Marilyn Andrews, a Child Protective Services (CPS) investigator. In his first issue, appellant contends that the trial court improperly admitted these statements because they were elicited during a custodial interrogation without the warnings required by the Texas Code of Criminal Procedure and the United States Supreme Court. TEX.CODE CRIM. PROC. ANN. art. 38.22 (Vernon Supp.2000); *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). We disagree that appellant was in "custody" at the time he made these statements.

■ The United States Supreme Court has defined custodial interrogation as "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." *Miranda*, 384 U.S. at 444, 86 S.Ct. at 1612; *Jordy v. State*, 969 S.W.2d 528, 532 (Tex.App.—Fort Worth 1998, no pet.). A person is in "custody" only if, under the circumstances, a reasonable person would believe that his freedom of movement was restrained to the degree associated with a formal arrest. *See Dowthitt v. State*, 931 S.W.2d 244, 254 (Tex.Crim.App.1996). The "reasonable person" standard presupposes an *innocent* person. *See Florida v. Bostick*, 501 U.S. 429, 438, 111 S.Ct. 2382, 2388, 115 L.Ed.2d 389 (1991).

Here, Andrews testified that she did not force appellant to come to her office, that the police did not pick him up, that she did not place him under arrest, that he could leave the CPS office at any time, and that he did in fact freely leave her office after the meeting. Under these uncontroverted circumstances, an innocent, reasonable person would not feel restrained to the degree of a formal arrest. *See Wicker v. State*, 740 S.W.2d 779, 784 (Tex.Crim.App.

1987) (defendant interviewed by caseworker prior to any arrest was not in custody), *cert. denied*, 485 U.S. 938, 108 S.Ct. 1117, 99 L.Ed.2d 278 (1988). Appellant was therefore not in "custody" as that term is defined by law; hence, no statutory warnings were required. We overrule appellant's first issue.

## Right Against Self–Incrimination

■ At the punishment phase, appellant requested the opportunity to testify for the limited purpose of punishment issues without being subject to cross-examination. The court rejected this request, ruling that if appellant took the stand to testify, he would be subject to open cross-examination concerning the facts and circumstances of the case. In his second issue, appellant argues that this ruling violated his state and federal constitutional rights against self-incrimination.

■ "The general rule is that if a defendant exercises his right to testify he is subject to the same rules governing examination and cross-examination as any other witness, whether he testifies at the guilt-innocence stage or at the punishment stage of the trial." *Cantu v. State*, 738 S.W.2d 249, 255 (Tex.Crim.App.), *cert. denied*, 484 U.S. 872, 108 S.Ct. 203, 98 L.Ed.2d 154 (1987). The appellant in *Cantu*—like the appellant in this case—argued that he was being required to give up his right against self-incrimination if he was not allowed to limit the State's cross-examination. The court of criminal appeals disagreed, holding that the trial court was correct in overruling appellant's request to limit his testimony and that his federal and state privileges against self-incrimination were not offended. *See id.* at 257. Criminal defendants may not testify and then use the Fifth Amendment privilege against self-incrimination to shield themselves from cross-examination on the issues that they have put in dispute. *See Lagrone v. State*, 942 S.W.2d 602, 611 (Tex.Crim. App.), *cert. denied*, 522 U.S. 917, 118 S.Ct.

305, 139 L.Ed.2d 235 (1997). Appellant's privilege against self-incrimination was not violated when the trial court overruled his motion to restrict cross-examination. Accordingly, his second issue is overruled.

### Punishment Jury Charge: Parole and Good Conduct Time

■ In his third issue on appeal and in his second ground on motion for rehearing, appellant complains, as he did at trial, that the trial court's charge to the jury concerning the possibility of parole and good conduct time denied him due process because the charge contained an incorrect statement of the law. Appellant also argues the charge failed to comply with article 36.14's mandate to tailor the charge to apply to each particular defendant. *See* TEX.CODE CRIM. PROC. ANN. art. 36.14 (Vernon Supp.2000).

Appellant, convicted of aggravated sexual assault of a child, is ineligible for mandatory supervision. *See* TEX. GOV'T CODE ANN. § 508.149(a)(7) (Vernon Supp.2000). Nonetheless, the trial court included in its charge the mandatory language of article 37.07, § 4(a) of the Texas Code of Criminal Procedure, informing the jury of the existence and mechanics of parole law and good conduct time. Specifically, the court charged the jury with the following statutory language:

> Under the law applicable in this case, the defendant, if sentenced to a term of imprisonment, may earn time off the period of incarceration imposed through the award of good conduct time. Prison authorities may award good conduct time to a prisoner who exhibits good behavior, diligence in carrying out prison work assignments, and attempts at rehabilitation. If a prisoner engages in misconduct, prison authorities may also take away all or part of any good conduct time earned by the prisoner.
>
> It is also possible that the length of time for which the defendant will be imprisoned might be reduced by the award of parole.

> Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served equals one-half of the sentence imposed or 30 years, whichever is less, without consideration of any good conduct time he may earn. If the defendant is sentenced to a term of less than four years, he must serve at least two years before he is eligible for parole. Eligibility for parole does not guarantee that parole will be granted.

> It cannot accurately be predicted how the parole law and good conduct time might be applied to this defendant if he is sentenced to a term of imprisonment, because the application of these laws will depend on decisions made by prison and parole authorities.

> You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant.

TEX.CODE CRIM. PROC. ANN. art. 37.07, § 4(a) (Vernon Supp.2000).

■ Initially, we note the 37.07 charge is a mandatory universal charge applicable to all non-capital felonies listed under code of criminal procedure article 42.12, section 3g(a). TEX.CODE.CRIM. PROC. ANN. art. 42.12, § 3g(a) (Vernon Supp.2000); *see Edwards v. State*, 10 S.W.3d 699, 703 (Tex. App.—Houston [14th Dist.] 1999, pet. granted). The trial court is bound to comply with mandatory language of a statute. *See Edwards*, 10 S.W.3d at 702 (citing *McGee v. State*, 711 S.W.2d 257, 258–59 (Tex.Crim.App.1986)).

Nevertheless, appellant cites authority for his contention that article 37.07 is unconstitutional as applied to him because it incorrectly suggests he is eligible for good conduct time. *See Jimenez v. State*, 992 S.W.2d 633, 638 (Tex.App.—Houston [1st

Dist.] 1999, pet. granted) (holding the 37.07 charge is unconstitutional as applied to a defendant ineligible for mandatory supervision because it requires an instruction that is an incorrect statement of the law, violating the due course of law provisions of article 1, sections 13 and 19 of the Texas Constitution and the due process clauses of the Fifth and Fourteenth Amendments). However, more recent authority disagrees with *Jimenez. See Luquis v. State,* 997 S.W.2d 442, 443 (Tex. App.—Beaumont 1999, pet. granted).

*Jimenez* states that "the court of criminal appeals has never specifically ruled on the issue of the constitutionality of the article 37.07 charge relating to good-conduct time where the defendant is not eligible for good-conduct time." *Jimenez,* 992 S.W.2d at 637. While this is technically accurate, as *Luquis* correctly points out, the court of criminal appeals has upheld the constitutionality of the 37.07 charge in general. *Luquis,* 997 S.W.2d at 443 (citing *Oakley v. State,* 830 S.W.2d 107 (Tex.Crim. App.1992) (upholding 37.07 charge under state due course of law provision) and *Muhammad v. State,* 830 S.W.2d 953, 956 (Tex.Crim.App.1992) (upholding charge under federal due process)). Further, both *Oakley* and *Muhammad* involved convictions for aggravated robbery, an offense also listed in section 508.149 and therefore rendering a convicted defendant ineligible for mandatory supervision. *See* TEX. GOV'T CODE ANN. § 508.149(a)(12) (Vernon Supp.2000).

■ Additionally, the *Luquis* court specifically notes that the 37.07 charge never mentions "mandatory supervision," which section 508.149 prohibits. *See Luquis,* 997 S.W.2d at 443 (following *Martinez v. State,* 969 S.W.2d 497, 500–01 (Tex.App.—Austin 1998, no pet.)). We further note with the *Luquis* court that the final two paragraphs of the charge admonish the jury not to consider how parole law or good conduct time may apply to appellant, and indeed inform the jury that appellant may serve his entire sentence without early release.

*See* TEX.CODE CRIM. PROC. ANN. art. 37.07, § 4(a); *Luquis,* 997 S.W.2d at 443. The language of the charge refers to parole and good conduct time only as possibilities, not certainties. *See Edwards,* 10 S.W.3d at 705. An appellate court may assume that the jury will follow the instruction as given, and will not reverse a conviction in the absence of evidence that the jury was actually confused by the charge. *See Williams v. State,* 937 S.W.2d 479, 490 (Tex.Crim.App.1996). There is no evidence that the jury was confused in this case.

Finally, we note that courts other than the *Luquis* court have ruled the 37.07 instruction did not mislead the jury. *See Hyde v. State,* 970 S.W.2d 81, 90 (Tex. App.—Austin 1998, pet. ref'd) (deadly weapon); *Martinez,* 969 S.W.2d at 501 (aggravated robbery); *Garcia v. State,* 911 S.W.2d 866, 869 (Tex.App.—El Paso 1995, no pet.) (aggravated sexual assault of child); *Garrett v. State,* 834 S.W.2d 605, 608 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd) (aggravated robbery). And, article 37.07 specifically states that eligibility for parole is to be determined "without consideration of any good conduct time." TEX.CODE CRIM. PROC. ANN. art. 37.07, § 4(a); *see also Hyde,* 970 S.W.2d at 89. Because the charge specifically states that good conduct time and parole may *or may not* be awarded to a particular defendant, and because in this case the charge did not misstate the law applicable to appellant, the charge neither violated appellant's due process rights nor article 36.14's mandate to correctly charge the jury.

Consequently, if the jury follows the directions of the charge, there is no confusion. Because there is no showing that the jury failed to follow the charge, we overrule appellant's third issue.

### Punishment Jury Charge: Probation Terms and Conditions

■ At punishment, appellant requested the court include in its instruction a list of the terms and conditions appellant

would face if the jury imposed community supervision. The trial court refused this request. Appellant argues in his fourth issue that this refusal constituted reversible error. However, the court was not required to include this information. *See Yarbrough v. State,* 742 S.W.2d 62, 64 (Tex.App.—Dallas 1987) (trial court not required to submit the statutory terms of probation in jury charge on punishment), *pet. dism'd, improvidently granted,* 779 S.W.2d 844, 845 (Tex.Crim.App.1989). Hence, we overrule appellant's fourth issue.

## Improper Comment on Evidence

■ The trial court's punishment charge contained verdict forms on which the court asked the jury to assess punishment and to either recommend or not recommend community supervision. The court presented these options to the jury by providing the headings of "No Community Supervision" and "Community Supervision Recommended." The jury was instructed to indicate their choice by filling out either one section or the other. Appellant complains that these headings constituted an improper comment on the weight of the evidence.

■ A suggestion in a jury charge that certain evidence is true or untrue is a comment on the weight of the evidence. *See Russell v. State,* 749 S.W.2d 77, 78 (Tex.Crim.App.1988); *Dean v. State,* 995 S.W.2d 846, 849 (Tex.App.—Waco 1999, pet. ref'd). Here, the court offered *no* comment (much less an improper comment) upon the truth or weight of the evidence merely by providing headings for the respective choices confronting the jury. We overrule appellant's fifth issue.

## Ineffective Assistance of Counsel

After conviction and sentencing, appellant filed a motion for new trial, arguing that he had not received a fair trial because one of the jurors, Lula Alexander, had previously been convicted for theft and was therefore absolutely disqualified from serving on the jury. At the hearing on the motion for new trial, the trial court overruled the motion because it lacked verification. The trial court did, however, allow appellant to prove up a bill of exceptions with evidence of Juror Alexander's prior conviction. Although appellant does not contest the court's ruling on the motion, he does argue in his final issue that trial counsel's failure to verify the motion constituted ineffective assistance of counsel.

■ The code of criminal procedure absolutely disqualifies jurors convicted of theft or any felony, indicted for theft or any felony, or ruled insane. *See* Tex.Code Crim. Proc. Ann. arts. 35.16(a), 35.19 (Vernon 1989). Appellant argues that because Juror Alexander was absolutely disqualified, he would have been entitled to a new trial *but for* the motion's lack of verification. However, we need not decide whether the presence of an absolutely disqualified juror on appellant's jury would entitle him to a new trial, nor even whether it would constitute ineffective assistance of counsel to fail to verify a motion seeking a new trial on this basis.

Although not pointed out by the state, and despite appellant's contentions to the contrary, according to the docket sheet submitted by appellant during his bill of exceptions, Juror Alexander was convicted in 1978 for the misdemeanor offense of issuing a bad check, *not* theft. These are different crimes appearing in different chapters of the penal code. *See* Tex. Penal Code Ann. §§ 31.03, 32.41 (Vernon Supp.2000). The offense of which Juror Alexander was convicted, issuance of a bad check, is in the forgery chapter of the penal code, not in the theft chapter of the penal code. *See id.* § 32.41; *see also Cole v. State,* 776 S.W.2d 269, 270 (Tex.App.—Houston [14th Dist.] 1989, no pet.) (theft and issuance of bad checks are not the same offense because each offense requires proof of an element that the other does not). Even in 1978, conviction for

issuance of a bad check was neither a theft nor a felony. *See* Act of May 24, 1973, 63rd Leg., R.S., ch. 399, § 32.41(e), 1973 Tex. Gen. Laws 883, 939 (amended 1983, 1987, 1993, 1995, & 1997) (current version at Tex. Penal Code Ann. § 32.41(f)); *see also Christiansen v. State*, 575 S.W.2d 42, 44 (Tex.Crim.App. [panel op.] 1979) (explaining the difference between theft and issuance of a bad check). Juror Alexander was therefore not absolutely disqualified from serving on a petit jury. *See* Tex. Code Crim. Proc. Ann. arts. 35.16(a)(2), 35.19.

To prove ineffective assistance, appellant must show both that (1) counsel's performance was so deficient as not to function as the "counsel" guaranteed by the Sixth Amendment to the United States Constitution, and (2) counsel's deficient performance prejudiced the defense. *See Hernandez v. State*, 726 S.W.2d 53, 57 (Tex.Crim.App.1986) (adopting the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984)). Whether or not trial counsel's failure to verify the motion was sufficiently deficient to satisfy the first *Strickland* requirement, appellant fails to satisfy the second. Even if appellant had verified his motion for new trial, appellant would not have been entitled to a new trial. We overrule appellant's sixth and final issue and affirm the trial court's judgment.