**Curtis PEDEN, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–99–207–CR.**

Court of Appeals of Texas,
Fort Worth.

Jan. 11, 2001.

Rehearing Overruled Feb. 15, 2001.

Publication Ordered Feb. 15, 2001.

Discretionary Review Refused
Aug. 1, 2001.

H.F. Rick, Jackson & Hagen, for appellant.

Bruce Isaacks, Criminal Dist. Atty., Kathleen A. Walsh, Hedi Mason, Asst. Dist. Attys., for appellee.

Before CAYCE, C.J.; HOLMAN, J. and DAVID L. RICHARDS, J., (Sitting by Assignment).

## OPINION

DAVID L. RICHARDS, Justice (Assigned).

### Introduction

Appellant Curtis Peden was convicted of murder by a jury. The trial court sentenced him to confinement for life. In his sole issue, he argues that the trial court erred by denying his requested jury instruction on the prosecutor's duty to turn over exculpatory evidence to the defense. We will affirm.

### Procedural Background

This is the fourth time we have been presented with an appeal from this case. In December 1991, the trial court granted a mistrial after the prosecutor failed to provide the defense with exculpatory evidence prior to trial. Appellant filed an application for writ of habeas corpus, which was denied by the trial court. Appellant appealed, and this Court affirmed.

Appellant's second trial began in January 1994. Appellant was convicted and sentenced to life in prison. Appellant again appealed. This Court reversed the conviction and remanded the case to the trial court for a new trial.

Appellant filed a second application for writ of habeas corpus and special plea of former jeopardy. This relief was denied by the trial court and affirmed by this Court.

In April 1999, appellant was tried a third time. Once again, he was convicted and sentenced to life in prison. He now brings this appeal.

### Statement of Facts

The facts of this case are set out at length in our previous opinion. *See Peden v. State*, 917 S.W.2d 941 (Tex.App.—Fort Worth 1996, pet. ref'd). Therefore, we offer only a brief summary of the facts here.

On the evening of January 8, 1990, appellant told Michael Murrell that he wanted to shoot out the window of a vehicle owned by a man who owed him money. He offered Murrell $100 to act as the getaway driver. Murrell agreed. *Peden*, 917 S.W.2d at 944. The two men drove to a location on Highway 380. When Gaylan Gibson drove past, appellant instructed Murrell to follow. *Id.* When Murrell pulled alongside Gibson, appellant aimed

his shotgun out the window and shot directly at the cab of Gibson's pickup two or three times. *Id.* Murrell then drove appellant back to his vehicle, and appellant gave Murrell the money they had agreed on. *Id.* Gibson was found a short time later in the ditch, slumped over the steering wheel of his pickup. *Id.* at 943. He was pronounced dead at the hospital. *Id.* at 944.

### Requested Jury Instruction

In his sole issue, appellant contends that the trial court erred by denying his requested jury instruction that the prosecutor has a duty to turn over favorable evidence to the defense as required by *Brady. Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

Appellate review of error in a jury charge involves a two-step process. *Abdnor v. State,* 871 S.W.2d 726, 731 (Tex. Crim.App.1994). Initially, we must determine whether error occurred. *Id.* If so, we must then evaluate whether sufficient harm resulted from the error to require reversal. *Id.* at 731–32.

In this case, the jury was not asked to decide whether the prosecutor withheld favorable or exculpatory evidence in the first trial. Instead, the charge identified eight specific items of evidence that were withheld. The State concedes that pursuant to the special plea, the fact that the evidence was withheld was undisputed. The only issue that the jury was asked to decide was whether the evidence was withheld recklessly. The trial court has no duty to instruct the jury on matters on which no fact issue exists. *See Luquis v. State,* 997 S.W.2d 442, 444 (Tex.App.— Beaumont 1999, pet. granted). Therefore, the trial court did not err in refusing to give appellant's requested *Brady* instruction. We overrule appellant's sole issue.

### Conclusion

Having overruled appellant's sole issue, we affirm the trial court's judgment.