**Yousef Raja ALAWAD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–99–00971–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

June 21, 2001.

---

2. James Parton, Life and Times of Aaron Burr 149 (7th ed. 1858).

Michael B. Charlton, Houston, for Appellants.

Donald W. Rogers, Houston, for Appellees.

Panel consists of Justices YATES, FOWLER, and WITTIG.

## OPINION

FOWLER, Justice.

Yousef Raja Alawad ("appellant") was indicted for the offense of intoxication manslaughter and for using his motor vehicle as a deadly weapon at the time of the commission of the alleged offense. The jury found appellant guilty of intoxication manslaughter as alleged in the indictment, found appellant used a deadly weapon in the commission of the crime, and assessed appellant's punishment at 8 years' confinement in the Institutional Division of the Texas Department of Criminal Justice.

## DISCUSSION AND HOLDING

Under his sole point of error, appellant argues that the trial court erred during punishment in instructing the jury as to "good-conduct time," as he was not eligible for a reduction of time while serving time for intoxication manslaughter with an affirmative deadly weapon finding. With regard to this point of error, the pertinent portions of the charge given to the jury are as follows:

Under the law applicable in this case, the defendant, if sentenced to a term of imprisonment, may earn time off the period of incarceration imposed through the award of good conduct time. Prison authorities may award good conduct time to a prisoner who exhibits good behavior, diligence in carrying out prison work assignments, and attempts at rehabilitation. If a prisoner engages in misconduct, prison authorities may also take away all or part of any good conduct time earned by the prisoner

It is also possible that the length of time for which the defendant will be imprisoned might be reduced by the award of parole.

Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served equals one-half of the sentence imposed, without consideration of any good conduct time he may earn. If the defendant is sentenced to a term of less than four years, he must serve at least two years before he is eligible for parole. Eligibility for parole does not guarantee that parole will be granted.

It cannot accurately be predicted how the parole law and good conduct time might be applied to this defendant if he is sentenced to a term of imprisonment, because the application of these laws will depend on decisions made by prison and parole authorities.

You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant.

Appellant did not object to this instruction at trial. The Texas Court of Criminal Appeals has recently held that where the defendant fails to object to a good-conduct

time instruction which is inapplicable to his alleged offense, the applicable standard of review on appeal is that of fundamental error; the judgment is not to be reversed unless it appears from the record that appellant did not have a fair and impartial trial. *Jimenez v. State*, 32 S.W.3d 233 (Tex.Crim.App.2000). In discussing the applicable standard of review, the Court did not address the question of whether it was error for the trial court to give the instruction. We will not assume error. Therefore, before we apply the standard of review for charge error, we will consider whether it was error in this case to give the instruction.

This instruction is mandated in all non-capital felonies. TEX.CODE CRIM. PROC. ANN. art. 42.12 § 3g(a) (Vernon Supp.2000); *Cagle v. State*, 23 S.W.3d 590, 593 (Tex. App.—Fort Worth 2000, pet. filed). This court, as well as other courts, have addressed (1) the constitutionality of this instruction when given in a case in which the defendant is not eligible for "good-conduct time" and (2) whether the instruction was misleading when a defendant is not eligible for "good-conduct time." *Espinosa v. State*, 29 S.W.3d 257, 261–62 (Tex.App.— Houston [14th Dist.] 2000, pet. ref'd.); *Cagle*, 23 S.W.3d at 594; *Edwards v. State*, 10 S.W.3d 699, 705 (Tex.App.—Houston [14th Dist.] 1999, pet. granted); *Luquis v. State*, 997 S.W.2d 442 (Tex.App.—Beaumont 1999, pet. granted); *Martinez v. State*, 969 S.W.2d 497 (Tex.App.—Austin 1998, no pet.). This court, and other courts have held that it was not error to give the instruction. *Espinosa*, 29 S.W.3d at 261–62; *Cagle*, 23 S.W.3d at 594; *Ed-*

*wards*, 10 S.W.3d at 705; *Luquis*, 997 S.W.2d at 443–44; *Martinez*, 969 S.W.2d at 499. *But c.f., Hill v. State*, 30 S.W.3d 505, 508–09 (Tex.App.—Texarkana 2000, no pet.)˙ (holding that giving a good-conduct time instruction amounted to egregious harm).

We find that our prior rationale in *Espinosa* and *Edwards,* and the rationale given by the other courts, applies to this case. Therefore, we conclude that it was not error for the judge to give the instruction to the jury and we overrule appellant's sole point of error.[1] Having overruled appellant's sole point of error, we affirm the judgment of the trial court.

YATES, Justice, concurring.

I agree with the majority opinion, but I write separately only to address the impact on this case of the Court of Criminal Appeals' decision in *Jimenez v. State,* 32 S.W.3d 233 (Tex.Crim.App.2000). As the majority opinion notes, the *Jimenez* Court does not discuss the issue of whether the trial court errs when it gives an unobjected-to, yet inapplicable, instruction about good-conduct time. *Id.* at 239 (McCormick, P.J., concurring). It only discusses what standard of harm to apply when such an instruction is given. As a result, *Jimenez* offers little to our current analysis.

With few exceptions, a harm analysis should follow a determination that error exists. A determination that a trial court did not err makes moot a discussion of harm. Nevertheless, the Court of Criminal Appeals finds the issue of error to be moot only after proceeding with a harm

---

1. Having reached this conclusion, we also note that the State did not mention either good-conduct time or parole during its closing arguments at punishment and, that, although the punishment range for appellant's offense was 2 to 20 years, the jury assessed punishment at 8 years' confinement, despite the State's pleas for a higher range of punishment. Furthermore, the instruction itself did not instruct the jury to consider good-conduct time, but instructed the jury that they could acknowledge that good-conduct time, as a concept, exists.

analysis. In doing so, the Court of Criminal Appeals contends that the "issue of unresolved conflicts among the courts of appeals [regarding whether this type of jury instruction is error] is far from pressing, [because] no defendant in any district has been awarded a new trial because of [such a jury charge]." *Id.* at n. 23. This Machiavellian reasoning is troubling. In its wake, the courts of appeals are now abundantly prepared to apply the correct harm standard, but are without guidance as to whether we should. Until we are told otherwise, we are bound by our prior opinions, holding that the jury charge before us is not erroneous.