**Danny GILMORE, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 14–99–00895–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 4, 2001.

---

Joseph Salhab, Cornelius & Salhab, Houston, for appellant.

B. Warren Goodson, Jr., Galveston, for appellee.

Panel consists of Justices EDELMAN, FROST, and Senior Chief Justice MURPHY.[1]

## MAJORITY OPINION

PAUL C. MURPHY, Senior Chief Justice (Assigned).

A jury found appellant guilty of murder, and assessed punishment at life imprisonment. On appeal, appellant raises two points of error. First, appellant argues that the trial court's charge to the jury regarding the effect of "good-conduct time" on parole eligibility is unconstitutional as applied to his case. Second, appellant argues that he received ineffective assistance of counsel at trial. We affirm.

Appellant contends that the trial court erred in instructing the jury that his time in prison might be reduced through the award of good conduct time because appellant was not eligible for such a reduction while serving a prison sentence for murder. Appellant did not object to the instruction at trial. Appellant's argument is not entirely without merit.

Because appellant did not object to the jury charge instruction, the appropriate standard of review is the statutory one for fundamental error in the charge. Article 36.19 of the Code of Criminal Procedure establishes the standard for fundamental error in the court's charge: "the judgment shall not be reversed . . . unless it appears from the record that the defendant has not had a fair and impartial trial." It is appellant's burden on appeal to show the erroneous charge resulted in such egregious harm that he did not receive a fair and impartial trial. *See Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App. 1984). This he has not done.

---

**1.** Senior Chief Justice Paul C. Murphy sitting by assignment.

The First Court of Appeals, in *Jimenez v. State,* held that "the court's charge to the jury on good-conduct time as mandated in article 37.07, section 4(a) is unconstitutional ..." because it required an instruction that is an incorrect statement of the law under the facts of the case. 992 S.W.2d 633, 638 (Tex.App.—Houston[1st Dist.] 1999), *affirmed on other grounds,* 32 S.W.3d 233 (Tex.Crim.App.2000). We have, however, considered this issue and determined that the "good-conduct time" instruction, mandated by article 37.07 is not unconstitutional.

■ In *Edwards v. State,* we held that article 37.07 did not violate appellant's due process rights because the instruction as a whole correctly described the calculation of parole eligibility and the role of "good-conduct" time in reducing the period of incarceration. 10 S.W.3d 699, 705 (Tex. App.—Houston [14th Dist.] 1999, pet. granted.). Specifically, the jury in *Edwards* was warned that the award of good conduct time cannot be predicted and they should not consider the extent to which good conduct time might be awarded to appellant. *Id.* The same information was provided to the jury in deciding appellant's punishment. Thus, the same rationale is applicable in our case. Accordingly, appellant has not shown egregious harm. Therefore, we overrule appellant's first point of error.

In appellant's second point of error, he asserts that his attorney's failure to request a continuance after the discovery of the murder weapon amounted to ineffective assistance of counsel denying him a fair trial. We disagree.

■ Appellant, in order to prevail on his ineffective assistance of counsel claim, must establish that 1) trial counsel's acts or omissions fell outside the range of reasonably competent professional assistance, and 2) there is a reasonable probability that the outcome of the trial would have been different absent counsel's deficiencies. *Thompson v. State,* 9 S.W.3d 808, 812–13 (Tex.Crim.App.1999). Appellant fails to satisfy the first prong of this test.

■ When appellant's trial counsel became aware of the existence of the murder weapon, he moved for a continuance until a ballistics test could be performed, or, in the alternative, a mistrial. The trial court granted a one and one-half hour recess, during which time the State determined how quickly a ballistics test could be performed. After the recess, the State informed the trial court that a ballistics test could be run on the gun the same day. The trial court then recessed until Thursday (two days later) so that test could be performed. Moreover, two defense attorneys were present when the ballistics test was conducted. There is nothing in the record to indicate that appellant's trial counsel's acts or omissions fell outside the range of reasonably competent professional assistance. Accordingly, we overrule appellant's second point of error.

The judgment of the trial court is affirmed.

FROST, Justice, concurring.

The purpose of a jury charge is to inform the jury of the applicable law and guide it in applying the law to the case. *See Hutch v. State,* 922 S.W.2d 166, 170 (Tex.Crim.App.1996). This purpose is frustrated when a trial court issues a charge that contains misleading information. In 1993, our legislature enacted a statute that effectively required our criminal trial courts to do just that. Instead of requiring the "good conduct time" instruction only in those cases in which a defendant would be eligible for a "good conduct time" reduction in his sentence, the legislature mandated that trial courts give the

instruction in *all* cases—even in cases like this, where the defendant, by law, is not eligible for such a reduction in his sentence.[2]

In accordance with article 37.07, section 4(a), the court below dutifully gave the mandatory instruction, thereby informing the jury assessing appellant's punishment that appellant, if sentenced to a term of imprisonment, might earn time off through an award of good conduct time.[3] That was misleading information. Appellant, in fact, would not be eligible for *any* reduction in his sentence due to good conduct time. The charge also informed the jury that it could not be "accurately predicted" how good conduct time might be applied to appellant, if the jury sentenced him to a prison term, because that determination would depend on the decisions made by prison and parole authorities. That, too, was misleading information. At the time the trial court instructed the jury, it could have stated with absolute certainty that if the jury sent appellant to prison, he definitely would not receive a reduction of his sentence due to good conduct time. By

virtue of another statute, the law simply did not allow appellant to benefit from good conduct time, no matter what decisions prison and parole authorities might make. *See* Tex. Gov't Code Ann. art. 508.149(a)(2) (Vernon 1998 & Supp.2001).

The incongruity created by these two statutory provisions has plagued trial and appellate courts for some time, yet the legislature has taken no action to remedy the problem. Consequently, trial courts, dutifully following the law, continue to give juries misleading information. The defendants sent to prison by the juries given this misleading information keep raising this issue on appeal. And, in the absence of a legislative solution, the intermediate courts of appeals keep awaiting guidance from the Texas Court of Criminal Appeals as to whether it is error for the trial court to give the mandatory instruction in the cases where it means giving the jury misleading information. Courts have come down on both sides of the issue. Some find, because of the mandatory nature of the statute, the trial court commits no error in giving the instruction.[4] Others

---

2. The instruction is mandated in all non-capital felonies. Tex Code Crim. Proc. Ann art 37.07, § 4(a) (Vernon Supp.2001); *Cagle v. State*, 23 S.W.3d 590, 593 (Tex.App.—Fort Worth 2000, pet. filed).

3. The entire jury charge is attached as an appendix to this opinion.

4. This court and others have essentially held that the misleading information in the mandatory instruction is, in effect, defeated by (1) other language in the mandatory instruction which instructs the jurors "not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant [and] . . . . not to consider the manner in which the parole laws may be applied to this particular defendant," and by (2) the presumption that the jurors followed the court's "not to consider" instruction. *Espinosa v. State*, 29 S.W.3d 257, 261 (Tex.App.—Houston [14th Dist.] 2000, pet. ref'd) ("we do not find the charge so misleading as to have de-

nied appellant his right to due process and due course of law."); *Cagle v. State*, 23 S.W.3d 590, 594 (Tex.App.—Fort Worth 2000, pet. filed) ("Because the charge specifically states that good conduct time and parole may or may not be awarded to a particular defendant, and because in this case the charge did not misstate the law applicable to appellant, the charge neither violated appellant's due process rights nor article 36.14's mandate to correctly charge the jury."); *Edwards v. State*, 10 S.W.3d 699, 702–05 (Tex.App.—Houston [14th Dist.] 1999, pet. granted) (parole charge not constitutional error); *Luquis v. State*, 997 S.W.2d 442, 443 (Tex.App.—Beaumont 1999, pet. granted) ("The Article 37.07 instruction is the 'law applicable to the case' because the Legislature passed a statute which required it be given in the punishment phase of a jury trial for the particular offense for which the defendant is being tried. It could not be charge error for the trial court to include the statutorily mandated instruction."); *Martinez*

find error and proceed to a harm analysis.[5]

Our high court had the opportunity to resolve this issue in *Jimenez,* a case in which both the State and the defendant petitioned for review. *See Jimenez v. State,* 32 S.W.3d 233, 235 (Tex.Crim.App. 2000). Instead of putting an end to the conflict, the Court of Criminal Appeals addressed only which standard of harm to apply in these cases.[6] Finding the issue of whether it is error to give this instruction "far from pressing," [7] our high court left for another day the issue we, and many other courts across the state, now struggle to resolve: *Is it error for a trial court to give an inapplicable and misleading, yet unobjected-to, mandatory instruction?* In accordance with precedent from this court, the majority concludes that the trial court's inclusion of the article 37.07 instruction in the jury charge, advising that good conduct time might reduce appellant's sentence, was constitutional despite its inapplicability to appellant's case. Until the Texas legislature takes action to correct the incongruity in the statutory scheme caused by this mandatory instruc-

tion, or the Texas Court of Criminal Appeals speaks to this issue, our own precedent controls. That precedent compels the conclusion that the court below did not err in including the mandatory instruction in the jury charge even though it contained misleading information.

## APPENDIX

### *CHARGE OF THE COURT ON PUNISHMENT*[8]

**LADIES AND GENTLEMEN OF THE JURY:**

By your verdict returned in this case you have found the Defendant guilty of the offense of Murder. It is necessary that the jury assess the punishment for this offense.

You are instructed that the punishment for Murder is confinement in the state penitentiary for a period of not less than five (5) years nor more than ninety-nine (99) years or life, and the jury, in its discretion, may, if it chooses, assess a fine

---

*v. State,* 969 S.W.2d 497, 500–02 (Tex.App.—Austin 1998, no pet.) (parole charge not constitutional error, and, assuming it is, constitutional harm analysis applies); *Garcia v. State,* 911 S.W.2d 866, 868–69 (Tex.App.—El Paso 1995, no pet.) (parole charge not constitutional error because it is not misleading).

**5.** *See Hill v. State,* 30 S.W.3d 505, 508–09 (Tex.App.—Texarkana 2000, no pet.) (holding that giving a good conduct time instruction amounted to egregious harm). The First Court of Appeals has reasoned that "[w]hen faced with a conflicting statutory requirement that is, as applied to a particular defendant, unconstitutional, the trial court must follow the mandate of article 36.14, tailoring the charge so that it becomes a correct statement of the law as it applies to the particular defendant." *Bradley v. State,* 45 S.W.3d 221, 223, (Tex.App.—Houston [1st Dist.] 2001, pet. filed) (holding that the jury instruction that his sentence might be reduced through award of good conduct time was unconstitutional as

applied to him because he was not eligible for such a reduction). *See also Green v. State,* 839 S.W.2d 935, 946 (Tex.App.—Waco 1992, pet. ref'd) (assuming parole charge is constitutional error, *Almanza's* harm analysis applies)

**6.** The Court of Criminal Appeals held that where, as here, the defendant fails to object to a good conduct time instruction which is inapplicable to his alleged offense, the applicable standard of review on appeal is that of fundamental error; the judgment is not to be reversed unless it appears from the record that appellant did not have a fair and impartial trial. *See Jimenez,* 32 S.W.3d at 233 (affirming harmless-error analysis, without deciding whether statute was unconstitutional as applied).

**7.** *Jimenez,* 32 S.W.3d at 239 n. 23.

**8.** Emphasis added.

in any amount not to exceed Ten Thousand Dollars ($10,000.00) in addition to confinement in the penitentiary. Therefore, you will assess the punishment, upon said finding of guilty, at any term of years not less than five (5) nor more than ninety-nine (99) years or life, and if you choose to assess a fine in addition to such confinement, you will assess such fine and so state in your verdict.

You are further instructed that in fixing the Defendant's punishment, which you will show in your verdict, you may take into consideration all the facts shown by the evidence admitted before you in the full trial of this case and the law as submitted to you in this charge.

*Under the law applicable in this case, the Defendant, if sentenced to a term of imprisonment, may earn time off the period of incarceration imposed through the award of good conduct time.* Prison authorities may award good conduct time to a prisoner who exhibits good behavior, diligence in carrying out prison work assignments, and attempts at rehabilitation. If a prisoner engages in misconduct, prison authorities may also take away all or part of any good conduct time earned by the prisoner.

It is also possible that the length of time for which the Defendant will be imprisoned might be reduced by the award of parole.

Under the law applicable in this case, if the Defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served equals one-half of the sentence imposed or 30 years, whichever is less, without consideration of any good conduct time he may earn. If the Defendant is sentenced to a term of less than four years, he must serve at least two years before he is eligible for parole. Eligibility for parole does not guarantee that parole will be granted.

*It cannot accurately be predicted how the parole law and good conduct time might be applied to this Defendant if he is sentenced to a term of imprisonment, because the application of these laws will depend on decisions made by prison and parole authorities.*

*You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular Defendant.* You are not to consider the manner in which the parole law may be applied to this particular Defendant.

In arriving at the amount of punishment it will not be proper for you to fix the same by lot, chance or any other method than by a full, fair and free exercise of the opinions of the individual jurors.

It is our Foreperson's duty to preside at your deliberations, vote with you, and when you have unanimously agreed upon a verdict, to certify to your verdict by using the appropriate form attached hereto, and signing the same as Foreperson.

No one has any authority to communicate with you except the officer who has you in charge. During your deliberations in this case, you must not consider, discuss, nor relate any matters not in evidence before you. You should not consider, nor mention any personal knowledge or information you may have about any fact or person connected with this case which is not shown by the evidence.

After you have retired, you may communicate with this court in writing through the officer who has you in charge. Do not attempt to talk to the officer who has you in charge, or the attorneys, or the Court, or anyone else concerning any question you may have. After you have reached a

unanimous verdict, the Foreperson will certify thereto by filling in the appropriate form attached to this charge and signing his name as Foreperson.