NO. 07-01-0268-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 22, 2002
_____

JEREMY L. PARCHMAN,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2000-432,886; HON. BRADLEY S. UNDERWOOD, PRESIDING
_____

Before BOYD, C.J., QUINN and JOHNSON, JJ.

Jeremy L. Parchman (appellant) appeals his conviction for murder.  Among other things, evidence admitted at trial revealed that appellant shot his roommate in the back of his head as the roommate sat on the floor watching television.  A jury subsequently found appellant guilty of murder and sentenced him to life in prison.  Two issues appear before us.  The first concerns whether the trial court erred by including in the punishment charge an instruction discussing good conduct time when appellant was not entitled to same.  The second issue involves whether the trial court erred in refusing to grant a mistrial once it

sustained the appellant's objection to an aspect of the State's closing argument. We affirm.

### *Issue One-- Instruction On Good Time and Parole*

Appellant contends that the good time / parole instruction included in the court's punishment charge was error because he could not have received good time. We disagree and overrule the contention.

The instruction at issue mirrored that expressed in art. 37.07(4)(a) of the Texas Code of Criminal Procedure. Furthermore, because appellant was found guilty of murder, an offense encompassed in §3g(a)(1) of article 42.12 of the very same code, the statute mandated that the trial court include the instruction in its charge. TEX. CODE CRIM. PROC. ANN. art. 37.07, §4(a) (Vernon Supp. 2001). The mandate is clear and unequivocal. Thus, by incorporating the instruction into the charge, the trial court complied with the law as enacted by the legislature, and in complying with that law, it cannot be said its acts were unlawful or erroneous. *Liquis v. State*, 997 S.W.2d 442, 443-44 (Tex. App.--Beaumont 1999, pet. filed) (holding that submitting the article 37.07, section 4(a) charge was not error even though the appellant was allegedly unentitled to good time); *Martinez v. State*, 969 S.W.2d 497, 500-501 (Tex. App.--Austin 1998, pet. ref'd) (holding the same). Simply put, a court that has followed express statutory directives cannot be said to have erred.

As to the contention that incorporating the instruction into the charge when the defendant cannot receive good time is unconstitutional, appellant waived same. Rule of appellate procedure obligated him to accompany the contention with citation to authority and substantive analysis. TEX. R. APP. PROC. 38.1(h); *Alvardo v. State*, 912 S.W.2d 199,

2

210 (Tex. Crim. App. 1995). Merely concluding that something violates the constitution neither fulfills this duty nor preserves the contention. *Tong v. State*, 25 S.W.3d 707, 710 (Tex. Crim. App. 2000). Appellant at bar having provided us with neither citation to applicable authority nor substantive analysis of his suppositions *viz* the constitutionality of art. 37.07, §4 and its mandate when good time is unavailable, he waived the contention.

### *Issue Two — Refusal to Grant Mistrial*

Appellant next asserts that the trial court erred in denying him a mistrial after sustaining his objection to argument by the prosecutor. The argument in question consisted of the prosecutor stating, during closing at the punishment phase of the proceeding,

> "[a]s far as this defendant, do you ever, . . . in your life want to pick up a newspaper and see that [appellant] got an attack rifle and went and shot some people, killed someone else?"

Appellant objected to same, which objection the trial court sustained. So too did it instruct the jury to disregard the comment. However, when asked to grant mistrial, the court refused. Appellant believes that mistrial was required because the comment was so inflammatory that its prejudicial effect could not reasonably be cured by an instruction to disregard. We overrule the contention.

The propriety of a jury argument must be assessed within the context in which it appears. *Moore v. State*, 849 S.W.2d 350, 352 (Tex. Crim. App. 1993). Furthermore, the Texas Court of Criminal Appeals held years ago that requesting the jury to harshly punish a defendant to prevent him from "doing the same thing" in the future was a proper plea for

3

law enforcement. *Kirkpatrick v. State*, 515 S.W.2d 289, 293 (Tex. Crim. App. 1974); *Asay v. State*, 456 S.W.2d 903, 905-06 (Tex. Crim. App. 1970).

Here, the theme of the State's closing centered upon "protection of our community." Indeed, the State said as much within the opening seconds of its argument. So too was it endeavoring to persuade the jury to reject appellant's application for probation. It was in this context that the State requested "harsh" punishment of the jury and uttered the comment at issue. Given that context, the comment was no different than that found appropriate in *Kirkpatrick* and *Asay*. As in the latter two cases, the State merely was asking the jurors to punish appellant in a way that would prevent him from doing the same thing in the future. Admittedly, the words used to convey that idea were not as direct as they could have been. Nevertheless, that unquestionably was the thrust of the argument, *i.e.*, a plea for law enforcement as authorized by *Kirkpatrick* and *Asay*.

The comments being a legitimate plea for law enforcement, the trial court did not err in refusing to grant a mistrial because they were uttered. Simply put, mistrial exists to rectify improprieties found to be highly prejudicial and incurable via instruction. It does not exist to correct lawful conduct.

Accordingly, we affirm the judgment entered below.

Brian Quinn
Justice

Do not publish.

4