In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-517 CR


____________________



ROY EUGENE ROSS, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 411th District Court


Polk County, Texas


Trial Cause No. 15,937






MEMORANDUM OPINION


 A jury convicted Roy Eugene Ross of two counts of sexual assault of a child and
two counts of indecency with a child. For each count, the jury sentenced Ross to twenty
years' confinement in the Institutional Division of the Texas Department of Criminal
Justice and assessed a fine of $10,000. The sentences run concurrently. Ross appeals
raising twelve points of error. Because all issues of law are settled, our opinion only
advises the parties of the Court's decision and the basic reasons for it. See Tex. R. App.
47.1.

 In point of error one, Ross contends the trial court erred by instructing the jury on
Counts III and IV that the term "on or about" meant any day before October 6, 2000 and
after October 7, 1990, because that instruction allowed the jury consider events occurring
after the seventeenth birthday of one of the alleged victim's, J.R., in August 1998. Ross'
point of error on appeal does not comport with the objection made at trial. Accordingly,
nothing is presented for review. See Tex. R. App. P. 33.1(a). The jury charge required
the jury to find that J.R. was under the age of seventeen on the date Ross engaged in
sexual contact with J.R. Therefore, the charge was not fundamentally erroneous, as
argued by Ross. Point of error one is overruled.

 Point of error two claims the trial court erred in that the jury instructions allowed
conviction for events occurring on or after J.R.'s seventeenth birthday, constituting a fatal
variance between the proof required by the indictment and the jury charge. The indictment
alleged in Counts III and IV that when the offenses were committed J.R. was a child
younger than 17 years. The charge to the jury on Counts III and IV, in both the abstract
and application paragraphs, comported with the indictment and required the jury to find
J.R. was a child younger than seventeen in order to convict Ross of indecency with a child. 
Accordingly, there is no variance between the proof required and the charge to the jury
did not allow for conviction for events occurring after J.R.'s seventeenth birthday. Point
of error two is overruled.

 Point of error three argues the trial court erred in instructing the jury to convict for
any date within a ten-year period when neither Count I nor Count IV of the indictment
were proven to have occurred on an ascertainable date. In both cases, Ross complains the
State failed to prove the offenses occurred prior to the seventeenth birthday of either C.R.
or J.R. Regarding Count I, the record establishes C.R. was 14 or 15 years at the time of
the offense. As to Count IV, there was evidence presented that the offense occurred before
J.R.'s seventeenth birthday. Thus the State did establish the offenses occurred prior to
C.R.'s and J.R.'s seventeenth birthdays. Point of error three is overruled.

 In point of error four, Ross alleges the trial court erred in instructing the jury by its
definition of "on or about." Ross argues the definition "changed" the dates alleged in the
indictment. The indictment alleged "on or about" in all four counts. It is well settled that
the "on or about" language allows the State to prove a date other than the one alleged as
long as the date proven is anterior to the presentment of the indictment and within the
statutory limitation period. See Wright v. State, 28 S.W.3d 526, 532 (Tex. Crim. App.
2000), cert. denied, 531 U.S. 1128, 121 S.Ct. 885, 148 L.Ed.2d 793 (2001). The trial
court's definition comports with Wright. Point of error four is overruled.

 Point of error five contends the trial court erred in allowing the State to call C.R.
as a witness, solely for the purpose of impeaching her testimony with a prior inconsistent
statement. Trial counsel objected "to this testimony for any purpose other than
impeachment and would request a limiting instruction to that." Subsequently, a limiting
instruction was given to the jury. We generally presume that a jury follows the
instructions given by the trial judge. See Lafleur v. State, 84 S.W.3d 309, 312 (Tex.
App.--Beaumont 2002, pet. filed). Given the testimony of J.R., there is no showing that
the jury ignored the instruction as Ross claims. Point of error five is overruled.

 Point of error six alleges the evidence is factually insufficient to support Ross'
conviction under Count I. Ross claims the testimony of C.R. and J.R. is too unreliable to
constitute sufficient evidence to support his conviction under this count. C.R.'s denial at
trial of the assault by Ross was impeached by her prior statement. The jury, as trier of
fact, is the exclusive judge of the credibility of the witnesses, the weight to be given their
testimony, and may accept or reject all or any part of the testimony of any witness. See
Joseph v. State, 897 S.W.2d 374, 376 (Tex. Crim. App. 1995). Our review of the
evidence for factual sufficiency must be "appropriately deferential" to the factfinder's
determination to avoid substituting our judgment over that of the trier of fact. See Clewis
v. State, 922 S.W.2d 126, 133 (Tex. Crim. App. 1996). Viewing all of the evidence
without the prism of "in the light most favorable to the prosecution," we find the jury's
verdict under Count I is not so contrary to the overwhelming weight of the evidence as to
be clearly wrong and unjust. See Clewis, 922 S.W.2d at 135. Point of error six is
overruled.

 In point of error seven Ross argues the trial court erred in instructing the jury about
parole eligibility. See Tex. Code Crim. Proc. Ann. art. 37.07, § 4 (Vernon Supp.
2003). Ross claims the instruction violates his right to due process because under a federal
grant-in-aid statute he is actually required to serve eighty-five percent of his sentence to
be eligible for parole, rather than fifty percent, as the jury was instructed. If the law of
the State of Texas fails to comport with the federal statute, the result would be to render
the State ineligible for funds, not to alter the sentencing scheme enacted by the Texas
legislature. Accordingly, the crux of Ross' claim is without merit and point of error seven
is overruled.

 In point of error eight Ross argues the trial court erred in instructing the jury per
Tex. Code Crim. Proc. Ann. art. 37.07, section 4, about good conduct time. Ross'
arguments have been rejected by this court and the Court of Criminal Appeals. See Luquis
v. State, 997 S.W.2d 442, 443-44 (Tex. App.--Beaumont 1999), aff'd, 72 S.W.3d 355
(Tex. Crim. App. 2002). Point of error eight is overruled.

 Point of error nine contends the trial court erred in failing to grant Ross' motion for
new trial upon discovery the State had failed to disclose the identity of a material witness,
Alvie Lee Austin. We characterize Ross' argument as charging a Brady violation
occurred. See Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). 
However, Ross fails to identify how knowledge of the "existence" of Austin and his victim
constituted or would have led to favorable evidence in his case. Our confidence in the
outcome of the proceeding against Ross is not undermined by the mere existence of other
sex offenders in proximity to the victims. Accordingly, we are unable to say the trial
court's denial of Ross' motion for new trial based on the failure to disclose Brady material
constituted an abuse of discretion. See Salazar v. State, 38 S.W.3d 141, 147 (Tex. Crim.
App. 2001), cert. denied, ___ U.S. ___, 122 S.Ct. 127, 151 L.Ed.2d 82 (2001). Point
of error nine is overruled.

 Ross' tenth point of error claims the trial court erred in submitting jury instructions
on both Counts III and IV because they were capable of being the same offense, a double
jeopardy violation. Ross' argument is based on the alleged dates of the two offenses and
the use of "on or about." It is well settled that "on or about" allows the State to prove a
date other than the one alleged as long as the date proven is anterior to the presentment of
the indictment and within the statutory limitation period. See Wright, 28 S.W.3d at 532. 
The evidence in this case established that Ross had numerous sexual contacts with J.R.
from May of 1991 through 1994. Therefore, the evidence in this case is not tied to the
specific dates alleged in the indictment, but to that time period . The evidence shows Ross
committed the alleged criminal acts on at least two separate occasions during this time,
thus the trial court's submission of two counts was proper. See generally DeMoss v. State,
12 S.W.3d 553, 560 (Tex. App.--San Antonio 1999, pet. ref'd). Point of error ten is
overruled.

 Point of error eleven claims trial counsel rendered ineffective assistance. To
prevail, an appellant must demonstrate trial counsel's representation fell below an objective
standard of reasonableness based on prevailing professional norms, and that, but for
counsel's errors, there is a reasonable probability the result of the proceeding would have
been different. See Strickland v. Washington, 466 U.S. 668, 687-88, 694, 104 S.Ct. 2052,
80 L.Ed.2d 674 (1984); Hernandez v. State, 988 S.W.2d 770 (Tex. Crim. App. 1999). 
Allegations of ineffective assistance must be firmly founded in the record. See Thompson
v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). The presumption of reasonable
effectiveness cannot ordinarily be overcome absent evidence in the record of the attorney's
reasons for his conduct. See Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim.
App.1994).

 Ross contends counsel erred "in allowing the jury to consider acts up to October 6,
2000, [the date the indictment was entered] which included the videotape . . . via their
instructions under Counts III and IV . . . since [J.R.] turned [seventeen] in August, 1998."
It has not been established on appeal that the videotape was inadmissible so as to render
trial counsel's failure to object to it deficient. No other "acts" are identified and we are
not referred to any in the record. The jury was clearly instructed that it must find J.R. was
a child younger than seventeen when the acts occurred in order to convict Ross. 

 Ross complains regarding admission of C.R.'s prior inconsistent statement that trial
counsel "only objected to its use 'for any purpose other than impeachment.'" There has
been no showing on appeal that C.R.'s statement was not admissible for purposes of
impeachment and the jury was instructed not to use it for any other purpose.

 Ross claims trial counsel was deficient in failing to have C.R. physically examined. 
Trial counsel gave his reasons for not requesting an examination. Ross' brief asserts trial
counsel's basis was incorrect but provides no record references in support. Ross contends
trial counsel was not adequately prepared to question C.R. but fails to identify any benefit
from more preparation. 

 Ross complains trial counsel failed to file any Brady or discovery motions. At the
hearing on Ross' motion for new trial, counsel testified that the District Attorney's office
in Polk County had an open file policy and he had never had a problem on a "Brady
matter." As noted in our discussion of point of error nine, the "existence" of Alvie Austin
was never shown to be exculpatory evidence. Thus a Brady violation has not been raised.

 Ross contends trial counsel failed to adequately investigate potential witnesses, 
resulting in no viable defense. Ross implies a defense that Alvie Austin was the
perpetrator. There is no evidence supporting such an inference. None of the victims
implicated Austin. The fact that Austin was a member of the household and is now a
convicted sex offender does not indicate that he, rather than Ross, assaulted the three
victims. Rather, it might have led the jury to conclude Austin was also a victim.

 Ross alleges trial counsel failed to call favorable witnesses, specifically Rachel Ross
or Roy Ross, Jr. The record fails to demonstrate the testimony of either would have been
favorable and trial counsel testified he did not call Roy Jr. because "I think he would have
made a horrible impression on the jury." 

 Ross contends trial counsel failed to consult or seek an expert either to assess Ross'
competency to stand trial following a head injury or to consider the possibility of SAID (1)
syndrome. The evidence adduced at the hearing on Ross' motion for new trial does not
demonstrate the viability of either course or that either would have resulted in a different
outcome.

 Ross argues trial counsel erred in failing to object to testimony that he assaulted two
other children, over whom no charges were brought, and failed to request a limiting
instruction for these extraneous offenses. Ross does not identify for what purpose the
testimony was admissible, so that a limiting instruction was appropriate. At the hearing
on the motion for new trial, counsel was not questioned regarding his failure to object. 
Thus, the record is silent as to trial counsel's reasons and we are unable to conclude that
trial counsel's performance was deficient. See Osorio v. State, 994 S.W.2d 249, 253
(Tex. App.--Houston [14th Dist.] 1999, pet. ref'd).

 Ross complains of trial counsel's failure to request a Huizar instruction in the jury
charge on punishment. See Huizar v. State, 12 S.W.3d 479 (Tex. Crim. App. 2000). 
Ross does not argue, much less demonstrate, that the jury would have assessed a different
sentence had the instruction been given. No extraneous offenses were introduced during
the punishment phase, the extraneous offenses Ross complains of were admitted during
guilt/innocence and the instruction was given in that charge. While that does not eradicate
the error, it does impact the effect. We cannot conclude that "but for" counsel's failure,
the jury would not have assessed the sentence it did.

 Trial counsel testified he did not object to the admission of the tape because it was
admissible. No further query was made into trial counsel's reasoning. Because the record
is silent, we cannot say trial counsel performed deficiently.

 Ross complains of trial counsel's failure to request an outcry hearing but fails to
refer this court to the record wherein it is established that any of the children made an
outcry or that any such statements were admitted into evidence. See Tex. Code Crim.
Proc. Ann. art. 38.072 (Vernon Supp. 2003). He also fails to demonstrate how an outcry
hearing would have affected the proceedings.

 Considering trial counsel's performance as a whole, we cannot conclude it was
deficient or that but for any error there is a reasonable probability the result of the
proceeding would have been different. Point of error eleven is overruled.

 In his final point, Ross argues the trial court erred in failing to include an instruction
to the jury at the punishment stage on the "reasonable doubt" burden of proof for
extraneous offenses. At the close of the guilt/innocence phase, the jury was instructed the
burden of proof for extraneous offenses was "beyond a reasonable doubt." The charge
to the jury at punishment did not include such an instruction. The trial court erred in
failing to give, sua sponte, a reasonable-doubt instruction regarding the extraneous
offenses. See Huizar, 12 S.W.3d at 484. See also Allen v. State, 47 S.W.3d 47, 50 (Tex.
App.--Fort Worth 2001, pet. ref'd). Reversal is required if egregious harm resulted. See
Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985)(op. on reh'g). The harm
which must be considered is the impact of the omission in the jury charge of a
reasonable-doubt instruction. See Ellison v. State, 86 S.W.3d 226, 228 (Tex. Crim. App.
2002). We assess the degree of harm in light of the entire jury charge, the state of the
evidence, including the contested issues and weight of probative evidence, the argument
of counsel, and all other relevant information revealed by the record as a whole. Id. In
that light, we cannot conclude the trial court's omission is so egregious and created such
harm that Ross did not receive a fair and impartial trial. The jury's assessment of
punishment, while the maximum, is within the permitted range and justified by the
evidence presented. Point of error twelve is overruled.

 The judgment of the trial court is AFFIRMED.

 PER CURIAM

Submitted on November 15, 2002

Opinion Delivered December 19, 2002

Do not publish 


Before Walker, C.J., Burgess, and Gaultney, JJ.

1. Sexual Allegations in Divorce.