KELLY BOWMAN V. STATE OF TEXAS

NO. 07-00-0199-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 16, 2000

______________________________________

KELLY BOWMAN

Appellant 

v.

STATE OF TEXAS 

Appellee

______________________________________

FROM THE 183
RD
  DISTRICT COURT OF HARRIS COUNTY;

NO. 812,415; HON. JOAN HUFFMAN, JUDGE

______________________________________

Before QUINN and REAVIS and JOHNSON, JJ.

Kelly Bowman, appellant, appeals from a judgment under which he was convicted of indecency with a child.  The subject matter of his two points of error are somewhat unclear.  From what we gather, he complains of the trial court’s instruction (during the punishment phase) on good time and parole and the constitutionality of article 37.07, section 4 of the Texas Code of Criminal Procedure, the statute requiring same.  
That is, because he was not entitled to receive good time (given the offense for which he was convicted), the court should not have included the subject in its charge and, therefore, instructing the jury about it amounted to constitutional error.  He further argued that because the supposedly erroneous instruction was mandated by statute, the latter was unconstitutional.  We overrule each point and affirm.
(footnote: 1)
 Prior to submitting the charge in question to the jury, the trial court asked if either side objected to it.  In response, the prosecutor said “no” while defense counsel replied “none for the Defendant.”  From this, we conclude that appellant had no objection to the purported error until he perfected an appeal.  In delaying complaint, however, a problem arose because one must object to an error in a jury charge in order to preserve it for appellate review.  
Tex. Code Crim. Proc. Ann
.
 art. 36.14 (Vernon’s Supp. 2000); 
Vasquez v. State
, 919 S.W.2d 433, 435 (Tex. Crim. App. 1996).  And, this includes an error in the jury charge that allegedly implicates constitutional right or amounts to some constitutional violation.  
Ladd v. State
, 3 S.W.3d 547, 564 (Tex. Crim. App. 1999).  Indeed, if the supposed error is of that ilk, then not even 
Almanza v. State
, 686 S.W.2d 157 (Tex. Crim. App. 1984) (requiring courts to review certain charge error even though no one objected to it at trial) provides relief.  This is so because the dictates of 
Almanza
 do not encompass error purportedly implicating constitutional right.  
Ladd v. State
, 3 S.W.3d at 564.  Therefore, since appellant failed to object below to error which he now argues implicated constitutional right, he waived his complaints.
(footnote: 2)  
Id.
  This alone entitles us to overrule his points of error.

To the extent that appellant may be arguing that the purported error was of some type other than constitutional, we would remain obligated to reject it.  This is so because it was not harmful, assuming 
arguendo
 that some type of error actually occurred.  
See Liquis v. State
, 997 S.W.2d 442, 443-44 (Tex. App.--Beaumont 1999, pet. filed) (holding that submitting the article 37.07, section 4 charge was not error even though the appellant was allegedly unentitled to good time); 
Martinez v. State
, 969 S.W.2d 497, 500-501 (Tex. App.--Austin 1998, pet. ref’d) (holding the same); 
but see
 
Jimenez v. State
, 992 S.W.2d 633, 638 (Tex. App.--Houston [1
st
 Dist.] 1999, pet. granted) (holding to the contrary).   Through the charge, the jurors were directed, in assessing punishment, 
not
 to consider the extent of good time to which the appellant would be entitled.  Nothing of record suggests that they ignored the directive, nor did the State allude to good time in its closing, although it did refer to parole.  Indeed, aside from its mere mention in the charge, nothing of record indicates that good time was considered by anyone, including the jurors.  Furthermore, the offense for which appellant was convicted was a second degree felony.  As such, the latter was punishable by incarceration for two to twenty years.  
Tex. Penal Code Ann
. §12.33(a) (Vernon 1994).  While the State requested the maximum from the jury, it merely assessed an eight year prison term.  Like circumstances were held to evince the want of harm in 
Martinez
 and 
Jimenez
.  They do so as well here, irrespective of whether the error is of constitutional or lesser magnitude.  

Accordingly, we affirm the judgment.

Brian Quinn

   Justice

Do not publish.          

FOOTNOTES
1:
1 
The State did not favor us with an appellee’s brief and the deadline to do so has long since lapsed.

2:
2
 
We note that in 
Jimenez v. State
, 992 S.W.2d 633 (Tex. App.--Houston [1
st
 Dist.] 1999, pet. granted) the court was confronted with circumstances and argument virtually identical to those at bar. In addressing them, it held that error was constitutional in nature.  
Id.
 at 638.  And, in addressing whether the error was harmful, it applied 
Almanza
 although the appellant “did not object to the court’s charge to the jury.”  
Id.
   This would suggest that it believes that constitutional error to which no one objected would nevertheless be subject to an 
Almanza
 analysis.  To the extent it so believed, it would be mistaken given the 
Ladd
 decision subsequently rendered by the Court of Criminal Appeals.