**Frank NAVARIJO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–99–00833–CR.**

Court of Appeals of Texas,
San Antonio.

Feb. 20, 2002.

Rehearing Overruled Feb. 20, 2002.

---

Mark Stevens, San Antonio, for Appellant.

Daniel Thornberry, Assistant Criminal District Attorney, San Antonio, for Appellee.

Sitting: TOM RICKHOFF, Justice,[1] ALMA L. LÓPEZ, Justice, SARAH B. DUNCAN, Justice.

SARAH B. DUNCAN, Justice.

Rehearing Denied.

Dissenting opinion by ALMA L. LÓPEZ, Justice.

ALMA L. LÓPEZ, Justice, dissenting on Denial of Rehearing.

I would grant rehearing on the sixth point of error raised in Navarijo's brief regarding the trial court's response to the jury's note and reverse the trial court's judgment as to punishment.

When the trial court responds substantively to a jury question during deliberations, that communication amounts to an additional or supplemental jury instruc-

tion. *Daniell v. State*, 848 S.W.2d 145, 147 (Tex.Crim.App.1993). It is not the function of the charge merely to avoid misleading or confusing the jury: it is the function of the charge to lead and to prevent confusion. *Williams v. State*, 547 S.W.2d 18, 20 (Tex.Crim.App.1977); *Jimenez v. State*, 992 S.W.2d 633, 638 (Tex.App.-Houston [1st Dist.] 1999), *aff'd*, 32 S.W.3d 233 (Tex. Crim.App.2000). In this case, the jury specifically asked whether the conditions of probation applicable to sex offenders were mandatory or optional. The trial court's response to the question was that the trial court sets the conditions of probation in their entirety.

The majority contends that because a trial court's charge is not required to include a list of the conditions a defendant would face if the jury recommended probation, the trial court did not err in failing to inform the jury that certain conditions are mandatory. However, whether the trial court was required to provide the conditions is not the issue in this case. The issue is whether the response provided by the trial court, whether it was required or not, misled or confused the jury. The law statutorily mandates certain probation conditions for sex offenders, removing these required conditions from the trial court's discretion. TEX.CODE CRIM. PROC. ANN. art. 42.12, § 13B (Vernon Supp.2001). By stating that the trial court sets the conditions of probation in their entirety, the response implied that the trial court was not mandated to impose any conditions. In view of that implication, the trial court's response was misleading or confusing.

If the error in the charge was the subject of a timely objection in the trial court, then reversal is required if the error is "calculated to injure the rights of defendant," which means no more than there must be some harm to the accused from the error. TEX.CODE CRIM. PROC. ANN. art. 36.19 (Vernon 1981); *Ovalle v. State*, 13 S.W.3d 774, 786 (Tex.Crim.App.2000); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim.App.1985). In other words, an error which has been properly preserved by objection will call for reversal as long as the error is not harmless. *Ovalle v. State*, 13 S.W.3d at 786. On the other hand, if no proper objection was made at trial and the accused must claim that the error was "fundamental," he will obtain a reversal only if the error is so egregious and created such harm that he "has not had a fair and impartial trial"—in short "egregious harm." *Id.* In both situations the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole. *Id.*

The State initially contends that no timely objection was made to the trial court's response to the jury note. However, Navarijo's defense counsel repeatedly stated their position that some conditions are mandatory and some are optional. When the trial court reached a decision regarding the response to be given, defense counsel stated that they would "agree to disagree" and that they were not waiving any of their prior objections. The trial court read the response to be given and noted defense counsel's objection on the record. This was a sufficient objection to the trial court's response and reversal is required if there is some harm.

The jury charge informed the jury that Navarijo was eligible for probation and, if the jury assessed a sentence of not more than 10 years, the jury had the discretion to recommend probation which the trial court would be required to grant. By finding Navarijo guilty, the jury believed

that Navarijo had sexually assaulted his own seven-year-old daughter on numerous occasions; however, the evidence, including the medical evidence, was conflicting. During closing arguments, defense counsel requested probation; however, the State asked the jury to return a sentence of at least forty-five years. The State argued that probation should not be an option, noting the reality that probation officers only see defendants for very little time each month.

During voir dire, the panel was informed that the trial court sets the conditions of probation. The panel asked a few questions, including the reason the jurors were not entitled to determine the conditions if they recommended probation. The trial court informed the venire that the law requires the trial court to determine the conditions of probation. Another venireperson asked "why should we stick our neck out and say, okay, probation and then the conditions can be minimal, almost nothing." The trial court responded that the conditions are set based on the trial court's review of a postsentence investigation report which considers the allegations and the person's history or background. The trial judge stated that setting the conditions is a basis on which he is elected, and if the jurors dislike the conditions being set by a trial judge, they can vote him out of office.

During the punishment phase of the trial, a probation officer was called to testify regarding the possible conditions of probation. In testifying regarding the additional conditions applicable to sex offenders, the probation officer testified that the defendant would be required to meet these conditions. In response to an inquiry regarding whether these conditions would apply to everyone across the board, the probation officer responded initially they would unless the judge wanted to modify them. The probation officer testified that a defendant would only be eligible for probation if the term of the sentence was ten years or less.

Because the jury sent a note inquiring about probation conditions, we must infer that at least some of the jurors were considering whether to grant probation but were concerned about the conditions that Navarijo would be required to meet. By failing to inform the jurors that certain conditions were mandatory, the jury was left with the misunderstanding that the trial court could modify or eliminate all of the specific conditions applicable to sex offenders. In view of the jury's concern regarding the setting of conditions during voir dire, I would find that the erroneous response caused some harm to Navarijo by circumventing further discussion regarding the possibility of probation by those jurors who would consider probation if certain conditions were mandatory. Accordingly, I respectfully dissent from the majority's refusal to grant the motion for rehearing and from the majority's holding with regard to Navarijo's sixth point of error.