NUMBER 13-00-168-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI




JIMMY MOOREFIELD , Appellant,



v.


THE STATE OF TEXAS , Appellee.




On appeal from the 283rd District Court

of Dallas County, Texas.






MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Yañez and Castillo

Opinion by Justice Castillo


Appellant, Jimmy Moorefield, was found guilty of the offense of aggravated sexual assault of a child by a jury and
sentenced to life in prison. (1) He appeals, contending that the evidence was factually and legally insufficient and that the
trial court erred in charging the jury about good time credit during the punishment phase of his trial. We affirm.

Sufficiency of the Evidence

In his first two points of error, appellant attacks the legal and factual sufficiency of the evidence. In reference to both the
legal and factual sufficiency of the evidence, appellant particularly attacks the sufficiency of the evidence to demonstrate
that he came into contact with the victim's sexual organ.

 It is well settled that a child need not testify in specific clinical terms or with the same clarity with which an adult's
testimony might be characterized. Villalon v. State, 791 S.W.2d 130, 134 (Tex. Crim. App. 1990). Viewing the evidence in
the light most favorable to the jury verdict, we find that a rational trier of facts could have found the essential elements of
the offense beyond a reasonable doubt, as required by Jackson v. Virginia (2), and so we find the evidence legally sufficient
to sustain the conviction. Likewise, viewing all the evidence, without the prism of the "light most favorable to the
prosecution" as required by Clewis (3), we find that neither is the evidence supporting the conviction so weak as to render the
verdict clearly wrong and unjust nor is the jury's verdict against the great weight and preponderance of the evidence
presented at trial. We overrule appellant's first and second issues.

The Jury Charge

 Appellant's final point of error alleges that the instruction given to the jury under article 37.07(4)(a) of the code of criminal
procedure, which makes reference to good conduct time, was unconstitutional as applied to him because, due to his
conviction for aggravated sexual assault, he "was not eligible to receive good conduct time credits on his sentence" under
the provisions of section 508.149 of the government code. Tex. Crim. Proc. Ann. art. 37.07(4)(a) (Vernon Supp. 2002);
Tex. Gov't Code Ann. §508.149 (Vernon Supp. 2002). (4)

 The State urges that appellant has waived any state constitutional claims by failing to adequately brief them separately
from any federal constitutional claims. We agree, but note that we cannot determine, by reviewing the issue as presented,
whether appellant even intends to raise a claim under the Texas Constitution. He certainly has not presented separate issues
with separate substantive analysis or arguments nor has he offered any argument or authority showing how the Texas
Constitution provisions that might be applicable to this point exceed or differ from their federal counterparts. See
Dewberry v. State, 4 S.W.3d 735, 743-44 (Tex. Crim. App. 2000); Arnold v. State, 873 S.W.2d 27, 33 (Tex. Crim. App.
1993); Heitman v. State, 815 S.W.2d 681, 690 (Tex. Crim. App. 1991); McCambridge v. State, 712 S.W.2d 499, 501-02,
n.9 (Tex. Crim. App. 1986). Appellant, while repeatedly claiming that article 37.07(4)(a) is unconstitutional, never
specifies which constitutional provision he claims has been violated. Indeed, he never specifies which constitution was
violated - that of Texas or the United States. Appellant does cite to a specific case, Jimenez v. State, upon which he relies
for his claim that the statute is unconstitutional. Jimenez v. State, 992 S.W.2d 633, 639 (Tex. App. - Houston [1st
Dist.]1999)("Jimenez I"), aff'd on other grounds, 32 S.W.3d 233 (Tex. Crim. App. 2000)("Jimenez II"). (5) In Jimenez I, the
intermediate appellate court did find that the grant of such an instruction, under the facts of that case, was unconstitutional
under certain provisions of the Texas and United States Constitution. Id. However, in that case, the question of whether the
statute violated certain provisions was squarely before the court, having been asserted by the defendant with specific
references. Id. at 637. Moreover, the intermediate court did not find the section unconstitutional under all the theories
promulgated by the defendant. Id.

In the present case, in order to analyze this point, we would have to assume that appellant is claiming that this statute is
unconstitutional on exactly the same grounds upon which it was found to be unconstitutional by the intermediate court in
Jimenez I. While this may have some common-sense appeal, we cannot assume which specific constitutional provision
appellant contends was violated. Appellant does not cite any constitutional authority or language or provide any analysis
demonstrating how this statute violates any provision of any constitution. Any attempt by this Court to analyze this point
would require this Court to, at best, make an assumption, or at worse, hazard a guess, as to which section of which
constitution appellant believes has been violated. We refuse to engage in such speculation. We find that the point has been
inadequately briefed and refuse to address it. (6) Tex. R. App. P. 38.1(h); see McDuff v. State, 939 S.W.2d 607, 621 (Tex.
Crim. App. 1997) (failure to provide any constitutional or statutory authority in support of point caused issue to be
inadequately briefed). 

We overrule this issue.

Conclusion

Having overruled all of appellant's issues, we affirm the judgment of conviction. 


ERRLINDA CASTILLO

Justice



Do not publish.

Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this 28th day of March, 2002. 

1. Tex. Pen. Code Ann. §22.021 (a)(1)(B)(iii) & (a)(2)(B) (Vernon Supp. 2002).

2. Jackson v. Virginia, 443 U.S. 307, 319 (1979).

3. Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996). 

4. While the cited section does not affect a prisoner's ability to earn good time credits, as appellant argues, it does state
that certain offenders (including those found guilty of aggravated sexual assault of a child) may not be released to
mandatory supervision. Tex. Gov't Code Ann. §508.149 (Vernon Supp. 2002) 

5. The court of criminal appeals, in affirming the decision of the intermediate court, did not rule on the constitutionality of
the statute but simply determined the appropriate standard of review. 

6. We do note however, that if the issue were adequately before us, then under the standards of Jimenez v. State, 32 S.W.3d
233, 233 (Tex. Crim. App. 2000), as appellant did not object to the charge, we would have had to determine whether it
appears from the record that appellant did not receive a fair or impartial trial. This we have done and there is nothing in the
record to indicate that appellant did not receive a fair or impartial trial. Indeed there is nothing to indicate that the
instruction had any impact on the jury at all. The jury was instructed not to consider how good-conduct time might affect
appellant and we presume the jury followed that instruction. Williams v. State, 937 S.W.2d 479, 490 (Tex. Crim. App.
1996).