NUMBER 13-00-708-CR

 

                              COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                       CORPUS CHRISTI B EDINBURG

 

 

JUAN RAMIREZ,                                                                    Appellant,

 

                                                   v.

 

THE STATE OF TEXAS,                                                          Appellee.                      

 

                         On appeal from the
148th District Court

                                  of Nueces
 County, Texas.

 

                                    O P I N I
O N

 

       Before Chief Justice Valdez
and Justices Hinojosa and Rodriguez

                              Opinion by Chief Justice
Valdez

                                                    
                                                                    








Appellant was convicted of
aggravated assault and sentenced to fifteen years imprisonment.  Appellant raises two points of error: (1)
whether he was denied due process when the trial court incorrectly instructed
the jury, during the punishment phase of the trial, that he may be eligible for
good time credit, when in fact he had been convicted of aggravated assault with
a deadly weapon and was ineligible for such credits; and (2) whether trial
counsel was ineffective.  We affirm.

Appellant argues in his
first point of error that instructing the jury that he may earn time off the
period of incarceration through the award of good conduct time was misleading
as applied to him because he is not eligible for mandatory supervision, thereby
denying him due process of law.  The
trial court instructed the jury in accordance with article 37.07, Section 4(a)
of the Texas Code of Criminal Procedure.

Appellant did not object
to this instruction at trial.  Even in
the absence of an objection, an appellate court is required to review a
complaint that charge error violates a constitutional provision by the
following standard: the judgment shall not be reversed unless it appears from
the record that the defendant has not had a fair and impartial trial.  Tex. Code Crim. Proc. Ann. art.
36.19 (Vernon Supp.
2002).

The instruction
informing the jury of the existence and mechanics of parole law and  good conduct time
is mandatory.  Tex. Code Crim. Proc. Ann. art. 37.07, '
4 (Vernon Supp.
2002).  The charge is universally applicable to all
non-capital felonies listed in article 42.12, section 3g(a)
of the Texas Code of Criminal Procedure. 
Tex. Code Crim. Proc. Ann. art
42.12, ' 3g(a)
(Vernon Supp. 2002).  Because appellant
was convicted of an offense for which the judgment contains a deadly weapon
finding under section 3g(a)(2) of article 42.12 of the
code of criminal procedure, he was not eligible for mandatory supervision.  See Tex.
Gov=t Code
Ann. ' 508.149 (Vernon Supp.
2002).  








Appellant=s argument that
instructing the jury that he may earn time off the period of incarceration
through the award of good conduct time was misleading as applied to him because
he is not eligible for mandatory supervision has been addressed and expressly
rejected by other courts of appeals.  See,
e.g., Washington v. State, 59 S.W.3d 260, 266 (Tex. App.BTexarkana 2001, pet.
filed); Alawad v. State, 57 S.W.3d 24,
26 (Tex. App.BHouston [14th Dist.]
2001, pet. filed); Felan v. State, 44
S.W.3d 249, 258 (Tex. App.BFort Worth 2001, pet.
filed); see also Jimenez v. State, 992 S.W.2d 633 (Tex. App.BHouston [1st Dist.]
1999), aff=d on other grounds, 32
S.W.3d 233 (Tex. Crim. App. 2000), overruled by Bui
v. State, 2002 Tex. App. LEXIS 484, No. 01-00-00507-CR (Tex. App.BHouston [1st Dist.] Jan. 24, 2002, no
pet.)
(Bui overruled Jimenez and held that reference to good conduct
time does not violate state due course of law and federal due process
protections when applied to defendants whose actual time in prison is affected
by section 508.149(a) of the Texas Government Code, which lists instances in
which inmates  are ineligible for
mandatory supervision).

The charge in question
instructs the jury that it cannot accurately predict how the parole law and
good conduct time might be applied to appellant and that it is not to consider
the extent to which good conduct time may be awarded to him.  The charge refers to good conduct time as
only a possibility rather than a certainty. 









An appellate court may
assume that the jury will follow the instruction as given, and will not reverse
in the absence of evidence that the jury was actually confused by the
charge.  Williams v.
State, 937 S.W.2d 479, 490 (Tex. Crim. App.
1996).  Nothing in the record in
the instant case suggests that the jury discussed, considered or tried to apply
what they were told about good time and parole.  See Martinez v. State, 969 S.W.2d 497, 501
(Tex. App.BAustin 1998, no
pet.).  There were no notes to the judge
indicating confusion, nor was there testimony of jurors concerning
misconduct.  If the jury follows the
directions, there is no confusion or harm. 
Id.   

We find the charge is
not misleading and, therefore, appellant was not denied due process of
law.  Consequently, the trial court did
not err instructing the jury on good conduct time.  Appellant=s first point of error is overruled. 

Appellant
argues in his second point of error that counsel was ineffective for: (1)
failing to object to the jury charge mentioned in point of error one; (2) using
a self-defense strategy; and (3) representing both appellant and his
co-defendant.  








The proper
standard for determining claims of ineffective assistance under the Sixth
Amendment is set out in Strickland v. Washington, 466 U.S. 668
(1984).  Texas adopted the Strickland
standard in Hernandez v. State, 726 S.W.2d 53 (Tex. Crim.
App. 1986).  In Strickland, the
Supreme Court identified a two-pronged analysis for claims of ineffective
assistance.  Strickland, 466 U.S.
at 687.  Under the first prong, the
defendant must show that counsel=s performance
was deficient, to the extent that counsel failed to function as Acounsel@ guaranteed by the
Sixth Amendment.  Id.  Under the second prong, the defendant must
show that counsel=s deficient
performance prejudiced the defense.  Id.  To show prejudice, the Adefendant must
show that there is a reasonable probability that, but for counsel=s unprofessional
errors, the result of the proceeding would have been different.  A reasonable probability is a probability
sufficient to undermine confidence in the outcome.@  Id.
at 694.  Under the Strickland
test, the defendant bears the burden of proving ineffective assistance.  Id.
at 684.  Furthermore, when
reviewing a claim of ineffective assistance, Aa court must indulge a strong presumption,
that counsel=s conduct falls
within the wide range of reasonable professional assistance; that is, the
defendant must overcome the presumption that, under the circumstances, the
challenged action >might be
considered sound trial strategy.=@  Id.
at
689.

A.               
Failure to
Object to the Jury Charge

Appellant=s first complaint concerns trial counsel=s failure to object to the inclusion of the
mandatory parole instruction in the jury charge, which was the subject of the
issue raised by his first point of error. 
Appellant argues that A if a defendant=s attorney fails to challenge a correctable error,
without a plausible strategic reason, any increase in the actual punishment can
establish prejudice and thus the ineffective assistance of counsel.@

We again note that the 37.07 charge is a mandatory universal
charge applicable to all non-capital felonies listed under code of criminal procedure
article 42.12, section 3g(a).  Tex. Code.
Crim. Proc. Ann. art 42.12, ' 3g(a)
(Vernon Supp. 2002).  

Accordingly, we
hold that counsel=s performance
is not deficient merely because he fails to object to a mandatory charge.  We further recognize that the appellant has
failed to establish the second prong and detail how he was prejudiced by the
inclusion of this jury charge.

Appellant=s first
contention regarding ineffective assistance of counsel is without merit.

B.                
Self-Defense
Strategy








By his second specific complaint, appellant argues
that trial counsel was ineffective due to trial counsel=s use of the self-defense strategy.  He argues that trial counsel=s self-defense strategy was not a genuine defense and
was the result of trial counsel trying to establish that appellant=s co-defendant was not guilty with little regard
for appellant=s interest.  


The Texas Court of Criminal Appeals has held that
we cannot sit in hindsight and find ineffectiveness due to errors involving
calculated risks.  Ex
parte Burns, 601 S.W.2d 370, 372 (Tex. Crim. App. 1980). 
The
right to effective counsel is not the right to error-free counsel. Id.  As such, a Afull inquiry into the strategy or tactics
of counsel should be made only if from all appearances after trial, there is no
plausible basis in strategy or tactics for his actions.@  Id.

The record
supports the self-defense theory as reasonable trial strategy by counsel.  Appellant testified that he had a conflict
with the victim Aawhile back,
like a couple of years back from that time, from 1998.@  Appellant testified that the victim had
pulled a gun on him in the past.  He
further testified that on the day of the shooting, the victim had approached
the van, kicked the van, and threatened to kill him.  This evidence provides a plausible basis for
trial counsel=s strategy of
self-defense.  Id.  

Appellant=s second
contention regarding ineffective assistance of counsel is without merit.

C.               
Conflict of
Interest








Appellant=s third contention argues that he was denied
effective assistance of counsel due to a conflict of interest that arose by
counsel=s
dual representation of appellant and his co-defendant.  Specifically, he argues that his co-defendant=s testimony concerning the time interval between
the victim kicking appellant=s vehicle and appellant shooting the victim creates
a conflict of interest.

A common defense often gives strength against a
common attack.  Hurley
v. State, 606 S.W.2d 887, 890 (Tex. Crim. App.
1980).  Mere assertion of conflict
of interest does not support a claim of ineffective assistance of counsel.  Ferguson v. State, 639 S.W.2d 307, 310 (Tex. Crim.
App. 1984).  An accused who fails to object at trial must
demonstrate that an actual conflict of interest adversely affected his lawyer=s performance. 
Ex parte Acosta, 672
S.W.2d 470, 474 (Tex. Crim. App. 1984).   An actual  and significant conflict of interest
exists where Aone defendant stands to gain significantly by
counsel adducing probative evidence or advancing plausible arguments that are
damaging to the cause of a co-defendant whom counsel is also representing.@  Gonzales v State, 605 S.W.2d 278, 282 (Tex. Crim. App. 1980). 
Conflict has been held to be merely Apossible@ rather than Aactual@ when both defendants gave corroborative testimony
and otherwise presented a united front at trial.  Hurley, 606 S.W.2d
at 890.

In the instant case, the conflict here is not Aactual.@  Appellant=s claim that he contradicted his co-defendant is not
supported by the record where his co-defendant also testified that appellant
shot the victim in self-defense.  We
further note that the Apossible@ contradictory statement made by the co-defendant
regarding the time interval between the kicking of the vehicle by the victim
and appellant shooting the victim was clarified at trial.  The co-defendant stated that it must have
been about twenty-five seconds and could not have been two or three minutes
before the time the victim approached and the time appellant shot him.  As such, we find no actual conflict, and
conclude appellant=s third contention is without merit.








Appellant=s three complaints of strategy, dual representation
and conflict of interest do not demonstrate that his trial counsel was
ineffective nor that he was
adversely affected.  Accordingly,
appellant=s
final point of error is overruled.

We affirm.

_____________________

ROGELIO VALDEZ

Chief Justice

Do Not Publish.

Tex. R.
App. P. 47.3(b).

 

Opinion delivered and filed

this 23rd day of May, 2002.