

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NOS.  2-07-163-CR
### 2-07-164-CR

JASON SCOTT WAMSLEY                                      APPELLANT

V.

THE STATE OF TEXAS                                            STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

## OPINION

------------

Appellant Jason Scott Wamsley appeals his convictions for improper relationship between an educator and student, indecency with a child, and sexual assault of a child.  We affirm.

Complainant O.H. was an eighth-grader in a public school class taught by appellant and in a church youth group directed by appellant.  Appellant started having sex with O.H. when she was 14, and he continued to do so for two years until her father caught them in bed together one Sunday morning.

Appellant was charged in two separate indictments. In cause 0977578R, he was charged with improper relationship between educator and student.[1] In cause 1032282R, he was charged with multiple counts of indecency with a child and sexual assault of a child.[2] The causes were tried jointly, and after a three-day trial, the jury convicted appellant on all counts.

Upon hearing additional evidence and argument, the jury assessed punishment at ten years' confinement in cause 0977578R and ten years' confinement on each of the nine counts in cause 103228R. The trial court sentenced appellant in accordance with the verdicts and ordered the sentence for cause 0977578R to run concurrently with the sentence for count one of 103228R. In addition, the trial court ordered that the sentences for counts two through nine of cause 103228R would run concurrently with each other after appellant had completed the sentence for count one.

In point of error number one, appellant claims that the trial court erred when it denied his challenge for cause to prospective juror 18, venireperson S.K. He complains that S.K. "demonstrated a bias that would render her [jury]

---

[1] *See* TEX. PENAL CODE ANN § 21.12(a)(1)(Vernon 2005).

[2] *See* TEX. PENAL CODE ANN § § 21.11(a)(1), 22.011(a)(2)(Vernon 2005).

service under art. 35.16(a)(9) [of the Texas Code of Criminal Procedure] impermissible."[3]

To preserve error on denied challenges for cause, the record must show that the appellant (1) asserted a clear and specific challenge for cause, (2) used a peremptory challenge on the complained-of veniremember, (3) exhausted all his peremptory challenges, (4) requested and was denied additional strikes, and (5) was forced to accept an objectionable juror on the jury.[4]

The record in this case shows that appellant failed to meet the first requirement for preserving error to complain of a denial of a challenge for cause: asserting a clear and specific challenge for cause. Appellant presented his claim to the trial court as follows:

> Your Honor, we would challenge Prospective Juror Number 18 . . . . She was the lady that revealed for the first time anywhere that she had been the victim as a child of sexual abuse. From my perspective, her cheeks were flushed. She was almost on the verge of tears when she recounted that. I did not question her any further in an attempt to solidify the challenge, but from her physical appearance and in recounting what must have been for her — so I think, in fairness, that she should be challenged for cause.

---

[3] TEX. CODE CRIM. PROC. ANN. art. 35.16(a)(9) (Vernon 2006).

[4] *Feldman v. State,* 71 S.W.3d 738, 744 (Tex. Crim. App. 2002); *Green v. State*, 934 S.W.2d 92, 105 (Tex. Crim. App. 1996), *cert. denied,* 520 U.S. 1200 (1997).

3

This comment does not show "a clear and specific challenge for cause" based upon article 35.16(a)(9). Appellant neither invoked article 35.16(a)(9), nor did he assert that S.K. demonstrated a bias in favor of or against him. Although counsel noted S.K.'s emotional demeanor as she recounted her sexual assault, he failed to tie these observations to a bias or prejudice against appellant. Appellant, therefore, waived his complaint. Point of error number one is overruled.

In point of error number two, appellant claims that the trial court violated his federal and state constitutional rights by denying his motion to suppress evidence seized during a warrantless search of a file cabinet in the public school classroom assigned to him for the previous two years.[5] The trial court concluded that appellant "did not have a privacy interest in the filing cabinet located in his public school classroom, especially during the summer when the school was not in session."

We review a trial court's ruling on a motion to suppress under a bifurcated standard of review.[6] In reviewing the trial court's decision, we do

[5] Because appellant does not separate his state and federal constitutional arguments, we analyze his claim only under the Fourth Amendment. *See Welch v. State,* 93 S.W.3d 50, 52 n.5 (Tex. Crim. App. 2002); *Eldridge v. State,* 940 S.W.2d 646, 650 (Tex. Crim. App. 1996).

[6] *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).

4

not engage in our own factual review.[7] The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony.[8] Therefore, we give almost total deference to the trial court's rulings on (1) questions of historical fact, even if the trial court's determination of those facts was not based on an evaluation of credibility and demeanor, and (2) application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor.[9] But when application-of-law-to-fact questions do not turn on the credibility and demeanor of the witnesses, we review the trial court's rulings on those questions de novo.[10]

When the record is silent on the reasons for the trial court's ruling, or when there are no explicit fact findings and neither party timely requested findings and conclusions from the trial court, we imply the necessary fact findings that would support the trial court's ruling if the evidence, viewed in the

---

[7] *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); *Best v. State*, 118 S.W.3d 857, 861 (Tex. App.—Fort Worth 2003, no pet.).

[8] *Wiede v. State*, 214 S.W.3d 17, 24–25 (Tex. Crim. App. 2007); *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000), *modified on other grounds by State v. Cullen*, 195 S.W.3d 696 (Tex. Crim. App. 2006).

[9] *Amador*, 221 S.W.3d at 673; *Montanez v. State*, 195 S.W.3d 101, 108–09 (Tex. Crim. App. 2006); *Johnson v. State*, 68 S.W.3d 644, 652–53 (Tex. Crim. App. 2002).

[10] *Amador*, 221 S.W.3d at 673; *Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); *Johnson*, 68 S.W.3d at 652–53.

light most favorable to the trial court's ruling, supports those findings.[11]  Then, as in the case with explicit findings, we review the trial court's legal ruling de novo unless the implied fact findings supported by the record also dispose of the legal ruling.[12]

We must uphold the trial court's ruling if it is supported by the record and correct under any theory of law applicable to the case even if the trial court gave the wrong reason for its ruling.[13]

The Fourth Amendment protects against unreasonable searches and seizures by government officials.[14]  To suppress evidence because of an alleged Fourth Amendment violation, the defendant bears the initial burden of producing evidence that rebuts the presumption of proper police conduct.[15]  A defendant satisfies this burden by establishing that a search or seizure occurred without a warrant.[16]  Once the defendant has made this showing, the burden of proof

---

[11] *Id*.  *See Amador*, 221 S.W.3d at 673; *Wiede*, 214 S.W.3d at 25.

[12] *State v. Kelly,* 204 S.W.3d 808, 819 (Tex. Crim. App. 2006).

[13] *State v. Stevens*, 235 S.W.3d 736, 740 (Tex. Crim. App. 2007); *Armendariz v. State*, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003), *cert. denied*, 541 U.S. 974 (2004).

[14] U.S. CONST. amend. IV; *Wiede*, 214 S.W.3d at 24.

[15] *Amador*, 221 S.W.3d at 672.

[16] *Id.*

6

shifts to the State, which is then required to show that the search or seizure was conducted under a warrant or was otherwise reasonable.[17]

Law enforcement conduct is a "search" for Fourth Amendment purposes if it intrudes upon a citizen's reasonable expectation of privacy.[18] This determination is made by applying a two-prong test: (1) did the person exhibit an actual (subjective) expectation of privacy, and (2) was that expectation one that society is prepared to recognize as "reasonable."[19] To satisfy the first prong, the evidence must show that appellant, by his conduct, exhibited an actual expectation of privacy; i.e., that he "sought to preserve something as private."[20]

The following evidence shows that appellant did not exhibit an actual expectation of privacy in the file cabinet:

- appellant was a public school employee;

---

[17] *Amador*, 221 S.W.3d at 673; *Torres v. State*, 182 S.W.3d 899, 902 (Tex. Crim. App. 2005); *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005).

[18] *See Katz v. United States,* 389 U.S. 347, 360–61, 88 S. Ct. 507, 516 (1967)(Harlan, J. concurring.).

[19] *Id.*

[20] *Bond v. United States,* 529 U.S. 334, 338–39, 120 S. Ct. 1462, 1465 (2000), *citing, Smith v. Maryland,* 442 U.S. 735, 740, 99 S. Ct. 2577, 2580 (1979).

7

- appellant did not own the file cabinet;

- the file cabinet belonged to the school district;

- the school was closed for the summer;

- teachers had been advised to remove their personal items from the school;

- it was uncertain whether appellant would be assigned to the same classroom;

- all keys had been turned in;

- appellant did not have a key to the classroom;

- appellant was not present when the file cabinet was opened;

- the school had issued an employee handbook specifically addressing searches at school and notifying employees that they have no legitimate expectations of privacy in their file cabinets;

- appellant had acknowledged and agreed to read the employee handbook;

- appellant had taken no security measures to ensure that no one opened the file cabinet; and

- appellant took no extra precautions to exclude others from the classroom.

Viewing this evidence in the appropriate light, we cannot say that the trial court erred by finding that appellant did not have a privacy interest in the filing cabinet. We overrule point of error number two.

8

In point of error number three, appellant claims that the trial court committed reversible error by refusing to instruct the jury at punishment on the statutory conditions of community supervision. The law is well settled that a trial court is not required to provide such an instruction.[21] We overrule point of error number three.

In point of error number four, appellant contends that the trial court's cumulation order is void because it orders his punishment for improper relationship between an educator and student to run consecutively with the punishments for sexual assault of a child and indecency with a child.[22]

While appellant is correct that the improper relationship offense is ineligible for stacking,[23] the punishment for that offense in cause 0977578R is ordered to run *concurrently* with the punishment imposed for the first count of sexual assault of a child of which appellant was convicted in cause 1032282R, not consecutively. The cumulation order merely orders that when appellant has

---

[21] *Yarbrough v. State,* 779 S.W.2d 844, 845 (Tex. Crim. App. 1989); *Cagle v. State*, 23 S.W.3d 590, 595 (Tex. App.—Fort Worth 2000, pet. ref'd).

[22] Although appellant raised no objection with the trial court, an improper cumulation order is, in essence, a void sentence. *Laporte v. State,* 840 S.W.2d 412, 415 (Tex. Crim. App. 1992). A defect which renders a sentence void may be raised at any time. *Id.* Consequently, a contemporaneous objection was not necessary to preserve the issue for our review.

[23] *See* TEX. PENAL CODE ANN. § 3.03(b)(2)(A)(Vernon 2003).

served the punishment for the first count of 1032282R, he shall begin serving the remaining eight sentences for that cause concurrently with each other. Appellant does not complain that those sentences were improperly stacked with the sentence of count one.

Because counts one through nine of cause 1032282R were all offenses eligible for stacking under section 3.03 of the Penal Code, the trial court did not err in stacking the punishments for counts two through eight with the punishment for count one. We overrule point of error number four.

Having overruled all of appellant's points of error, we affirm the judgment of the trial court.

PER CURIAM

PANEL: CAYCE, C.J.; DAUPHINOT and McCOY, JJ.

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)

DELIVERED: August 14, 2008