COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                    FORT
WORTH

 

NOS. 
2-07-163-CR 

 2-07-164-CR

 

JASON SCOTT WAMSLEY                                                     APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                 STATE

 

                                               ------------

 

        FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

 

                                               ------------

 

                                              OPINION

 

                                               ------------

Appellant
Jason Scott Wamsley appeals his convictions for improper relationship between
an educator and student, indecency with a child, and sexual assault of a
child.  We affirm.

Complainant
O.H. was an eighth-grader in a public school class taught by appellant and in a
church youth group directed by appellant. 
Appellant started having sex with O.H. when she was 14, and he continued
to do so for two years until her father caught them in bed together one Sunday
morning. 








Appellant was charged in two
separate indictments.  In cause 0977578R,
he was charged with improper relationship between educator and student.[1]  In cause 1032282R, he was charged with
multiple counts of indecency with a child and sexual assault of a child.[2]   The causes were tried jointly, and after a
three-day trial, the jury convicted appellant on all counts. 

Upon hearing additional
evidence and argument, the jury assessed punishment at ten years= confinement in cause 0977578R and ten years= confinement on each of the nine counts in cause 103228R.  The trial court sentenced appellant in
accordance with the verdicts and ordered the sentence for cause 0977578R to run
concurrently with the sentence for count one of 103228R.  In addition, the trial court ordered that the
sentences for counts two through nine of cause 103228R would run concurrently
with each other after appellant had completed the sentence for count one.    








In point of error number one,
appellant claims that the trial court erred when it denied his challenge for
cause to prospective juror 18, venireperson S.K.  He complains that S.K. Ademonstrated a bias that would render her [jury] service under art.
35.16(a)(9) [of the Texas Code of Criminal Procedure] impermissible.A[3]  

To preserve error on denied
challenges for cause, the record must show that the appellant (1) asserted a
clear and specific challenge for cause, (2) used a peremptory challenge on the
complained‑of veniremember, (3) exhausted all his peremptory challenges,
(4) requested and was denied additional strikes, and (5) was forced to accept
an objectionable juror on the jury.[4]  

The record in this case shows
that appellant failed to meet the first requirement for preserving error to
complain of a denial of a challenge for cause: 
asserting a clear and specific challenge for cause.  Appellant presented his claim to the trial
court as follows:

Your Honor,
we would challenge Prospective Juror Number 18 . . . .  She was the lady that revealed for the first
time anywhere that she had been the victim as a child of sexual abuse.  From my perspective, her cheeks were
flushed.  She was almost on the verge of
tears when she recounted that.  I did not
question her any further in an attempt to solidify the challenge, but from her
physical appearance and in recounting what must have been for her C so I
think, in fairness, that she should be challenged for cause.

 








This comment does not show Aa clear and specific challenge for cause@ based upon article 35.16(a)(9). 
Appellant neither invoked article 35.16(a)(9), nor did he assert that
S.K. demonstrated a bias in favor of or against him.  Although counsel noted S.K.=s emotional demeanor as she recounted her sexual assault, he failed to
tie these observations to a bias or prejudice against appellant.  Appellant, therefore, waived his
complaint.  Point of error number one is
overruled.

In point of error number two,
appellant claims that the trial court violated his federal and state
constitutional rights by denying his motion to suppress evidence seized during
a warrantless search of a file cabinet in the public school classroom assigned
to him for the previous two years.[5]  The trial court concluded that appellant Adid not have a privacy interest in the filing cabinet located in his
public school classroom, especially during the summer when the school was not
in session.@ 








We review a trial court=s ruling on a motion to suppress under a bifurcated standard of
review.[6]  In reviewing the trial court=s decision, we do not engage in our own factual review.[7]  The trial judge is the sole trier of fact and
judge of the credibility of the witnesses and the weight to be given their
testimony.[8]  Therefore, we give almost total deference to
the trial court=s rulings on
(1) questions of historical fact, even if the trial court=s determination of those facts was not based on an evaluation of
credibility and demeanor, and (2) application‑of‑law‑to‑fact
questions that turn on an evaluation of credibility and demeanor.[9]  But when application-of-law-to-fact questions
do not turn on the credibility and demeanor of the witnesses, we review the
trial court=s rulings on
those questions de novo.[10]









When the record is silent on
the reasons for the trial court=s ruling, or when there are no explicit fact findings and neither
party timely requested findings and conclusions from the trial court, we imply
the necessary fact findings that would support the trial court=s ruling if the evidence, viewed in the light most favorable to the
trial court=s ruling,
supports those findings.[11]   Then, as in the case with explicit findings,
we review the trial court=s legal
ruling de novo unless the implied fact findings supported by the record also
dispose of the legal ruling.[12]

We must uphold the trial
court=s ruling if it is supported by the record and correct under any theory
of law applicable to the case even if the trial court gave the wrong reason for
its ruling.[13]








The Fourth Amendment protects
against unreasonable searches and seizures by government officials.[14]  To suppress evidence because of an alleged
Fourth Amendment violation, the defendant bears the initial burden of producing
evidence that rebuts the presumption of proper police conduct.[15]  A defendant satisfies this burden by
establishing that a search or seizure occurred without a warrant.[16]  Once the defendant has made this showing, the
burden of proof shifts to the State, which is then required to show that the
search or seizure was conducted under a warrant or was otherwise reasonable.[17]


Law enforcement conduct is a Asearch@ for Fourth
Amendment purposes if it intrudes upon a citizen=s reasonable expectation of privacy.[18]  This determination is made by applying a
two-prong test: (1) did the person exhibit an actual (subjective) expectation
of privacy, and (2) was that expectation one that society is prepared to
recognize as Areasonable.@[19]  To satisfy the first prong,
the evidence must show that appellant, by his conduct, exhibited an actual
expectation of privacy; i.e., that he Asought to preserve something as private.@[20] 

The following evidence shows
that appellant did not exhibit an actual expectation of privacy in the file
cabinet: 

$                  
appellant was a public school
employee; 








$                  
appellant did not own the
file cabinet; 

$                  
the file cabinet belonged to
the school district; 

$                  
the school was closed for the
summer; 

$                  
teachers had been advised to remove their
personal items from the school;

 

$                  
 it was uncertain whether appellant would be
assigned to the same classroom;    

$                  
all keys had been turned in; 

$                  
appellant did not have a key
to the classroom;

$                  
appellant was not present
when the file cabinet was opened; 

$                  
the school had issued an employee handbook
specifically addressing searches at school and notifying employees that they
have no legitimate expectations of privacy in their file cabinets; 

 

$                  
appellant had acknowledged and agreed to read the
employee handbook; 

 

$                  
appellant had taken no security measures to
ensure that no one opened the file cabinet; and 

 

$                  
appellant took no extra precautions to exclude
others from the classroom. 

 

Viewing this evidence in the
appropriate light, we cannot say that the trial court erred by finding that
appellant did not have a privacy interest in the filing cabinet.  We overrule point of error number two.








In point of error number
three, appellant claims that the trial court committed reversible error by
refusing to instruct the jury at punishment on the statutory conditions of
community supervision.  The law is well settled
that a trial court is not required to provide such an instruction.[21]  We overrule point of error number three.

In point of error number
four, appellant contends that the trial court=s cumulation order is void because it orders his punishment for
improper relationship between an educator and student to run consecutively with
the punishments for sexual assault of a child and indecency with a child.[22]  








While appellant is correct
that the improper relationship offense is ineligible for stacking,[23]
the punishment for that offense in cause 0977578R is ordered to run concurrently
with the punishment imposed for the first count of sexual assault of a child of
which appellant was convicted in cause 1032282R, not consecutively.  The cumulation order merely orders that when
appellant has served the punishment for the first count of 1032282R, he shall
begin serving the remaining eight sentences for that cause concurrently with
each other.  Appellant does not complain
that those sentences were improperly stacked with the sentence of count one.  

Because counts one through
nine of cause 1032282R were all offenses eligible for stacking under section
3.03 of the Penal Code, the trial court did not err in stacking the punishments
for counts two through eight with the punishment for count one.  We overrule point of error number four.

Having overruled all of
appellant=s points of
error, we affirm the judgment of the trial court.

 

PER CURIAM

 

PANEL:  CAYCE, C.J.; DAUPHINOT and McCOY, JJ.

 

DO NOT PUBLISH        

Tex. R. App. P. 47.2(b)

 

DELIVERED:  August 14, 2008                             











[1]See Tex. Penal Code Ann '
21.12(a)(1)(Vernon 2005).





[2]See Tex. Penal Code Ann ' '
21.11(a)(1), 22.011(a)(2)(Vernon 2005). 





[3]TEX. CODE CRIM. PROC. ANN.
art. 35.16(a)(9) (Vernon 2006).





[4]Feldman
v. State, 71 S.W.3d 738, 744 (Tex. Crim. App. 2002); Green
v. State, 934 S.W.2d 92, 105 (Tex. Crim. App. 1996), cert. denied, 520
U.S. 1200 (1997). 





[5]Because
appellant does not separate his state and federal constitutional arguments, we
analyze his claim only under the Fourth Amendment.  See Welch v. State, 93 S.W.3d 50, 52 n.5
(Tex. Crim. App. 2002); Eldridge v. State, 940 S.W.2d 646, 650 (Tex.
Crim. App. 1996).





[6]Amador
v. State, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); Guzman
v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). 





[7]Romero
v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); Best
v. State, 118 S.W.3d 857, 861 (Tex. App.CFort Worth 2003, no pet.). 





[8]Wiede
v. State, 214 S.W.3d 17, 24B25
(Tex. Crim. App. 2007); State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim.
App. 2000), modified on other grounds by State v. Cullen, 195 S.W.3d 696
(Tex. Crim. App. 2006). 





[9]Amador, 221
S.W.3d at 673; Montanez v. State, 195 S.W.3d 101, 108B09
(Tex. Crim. App. 2006); Johnson v. State, 68 S.W.3d 644, 652B53
(Tex. Crim. App. 2002). 





[10]Amador, 221
S.W.3d at 673; Estrada v. State, 154 S.W.3d 604, 607 (Tex. Crim. App.
2005); Johnson, 68 S.W.3d at 652B53.





[11]Id.  See Amador, 221 S.W.3d at 673; Wiede,
214 S.W.3d at 25.





[12]State
v. Kelly, 204 S.W.3d 808, 819 (Tex. Crim. App. 2006).





[13]State
v. Stevens, 235 S.W.3d 736, 740 (Tex. Crim. App. 2007); Armendariz
v. State, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003), cert. denied,
541 U.S. 974 (2004).





[14]U.S. Const. amend. IV; Wiede, 214
S.W.3d at 24. 





[15]Amador, 221
S.W.3d at 672.





[16]Id.





[17]Amador, 221
S.W.3d at 673; Torres v. State, 182 S.W.3d 899, 902 (Tex. Crim. App.
2005); Ford v. State, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005).





[18]See Katz
v. United States, 389 U.S. 347, 360B61, 88 S. Ct. 507, 516
(1967)(Harlan, J. concurring.).





[19]Id.





[20]Bond
v. United States, 529 U.S. 334, 338B39,
120 S. Ct. 1462, 1465 (2000), citing, Smith v. Maryland, 442 U.S.
735, 740, 99 S. Ct. 2577, 2580 (1979).





[21]Yarbrough
v. State, 779 S.W.2d 844, 845 (Tex. Crim. App. 1989); Cagle
v. State, 23 S.W.3d 590, 595 (Tex. App.CFort Worth 2000, pet. ref=d). 





[22]Although
appellant raised no objection with the trial court, an improper cumulation
order is, in essence, a void sentence.  Laporte
v. State, 840 S.W.2d 412, 415 (Tex. Crim. App. 1992).  A defect which renders a sentence void may be
raised at any time.  Id.  Consequently, a contemporaneous objection
was not necessary to preserve the issue for our review.





[23]See Tex. Penal Code Ann. '
3.03(b)(2)(A)(Vernon 2003).